This is an appeal from an order of the trial court setting aside any prior child support orders and forgiving any child support arrearage owed by the father.
In August 1984, a negotiated agreement was acknowledged by all concerned parties and adopted by the court. In this agreement, the parties agreed that the child was a dependent child and that temporary legal custody would remain with the Department of Human Resources (Department). Further, the parents agreed to contribute support toward the maintenance of the child in an amount not less than $25.00 per month.
In March 1987, the Department filed and served the father a petition for income withholding for payment of support, pursuant to Ala. Code 1975, § 30-3-62. The petition alleged an arrearage of $650.00.
The case action summary appears in the record with the following notation signed by the judge:
 "This case was set for trial on this the 16th day of April, 1987. The Court after reviewing the file determines that any child support or arrearage should be forgiven. The Court further determines that any prior orders of this court ordering child support should be set aside. It is therefore ORDERED, ADJUDGED AND DECREED that any child support arrearage owed by the defendant, William E. Hulsey, Jr., pursuant to this case is hereby forgiven. It is further ORDERED that any prior orders of this Court ordering that child support be paid by the defendant, William E. Hulsey, Jr., pursuant to this case, are hereby set aside."
The Department appeals, contending that the trial court erred in forgiving the child support arrearage and in setting aside the prior order of support. We agree.
Pursuant to Alabama's child support withholding statute, the obligee (here the Department) has a right to seek enforcement of a child support order through income withholding. Ala. Code 1975, § 30-3-60(6). Section 30-3-62 provides a method whereby the Department may petition the court for an income withholding order to enforce the prior support order. The statute provides that when such a petition is filed, "[a]n income withholding order shall be issued by the court unless the obligor [the father] requests a hearing within 10 days of the date of service of the petition and notice." § 30-3-62(c). Further, §30-3-62(c) provides that an obligor (father) may contest the issuance of an income withholding order only on the basis of mistakes of fact. In other words, if the facts alleged in the petition are correct and satisfy the requirements for withholding, *Page 722 
there are no grounds for a hearing, and the income withholding order must be issued.
There is nothing in the record to indicate that the father requested a hearing on the matter of the income withholding petition. Neither is there any indication that he questioned the facts alleged in the petition. Therefore, the trial court erred in forgiving the child support arrearage and in setting aside the prior child support order.
We would also note that arrearages pursuant to child support orders are final judgments on the dates due and are immune from change. Ex parte Morgan, 440 So.2d 1069 (Ala. 1983). Therefore, it is beyond the power of the trial court here to "forgive" the accrued arrearage owed by the father to the Department for the support of the child.
Likewise, although future child support payments may be modified, there must be a showing of a material change of circumstances since the prior order. Sansom v. Sansom,409 So.2d 430 (Ala.Civ.App. 1981). The burden of proof falls on the party seeking the modification to establish the material change. Here, no party sought a modification of the judgment for support, and no party presented evidence of a material change in circumstances. Price v. Price, 442 So.2d 121
(Ala.Civ.App. 1983).
Under the above circumstances, the trial court erred in not issuing the withholding order as requested by the Department, and we must reverse.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
BRADLEY, P.J., and HOLMES, J., concur.