This case is one of post-divorce litigation.
The final divorce decree, dated January 30, 1986, ordered the father to pay $100 per week as child support for two children whose custody was awarded to the mother. In July 1986, after a change in the father's employment, the mother, at the urging of the father, signed the following memorandum:
 "I hereby will agree with Loyce to accept the $50.00 per week child support money. With the exception that when he does start making more money it will go *Page 1029 
back up to whatever it should be. Diane Scruggs."
The memorandum was never made the basis of any attempt to modify the original decree of support.
The mother filed her petition in the court below seeking (1) a judgment for the accumulated arrearage, and (2) adjudication of contempt for nonpayment of child support. After hearing the evidence, the trial court denied all relief sought by the mother.
The primary issue presented to us is whether the trial court erred in failing to enter judgment for the mother for the arrearage accruing under the terms of the original decree of support. Implicit in the issue is whether parties to a divorce action can subsequently modify the child support provisions of the decree without court approval and ratification.
The undisputed evidence at trial showed the father to have reduced his payments to $50 or $60 per week since the July 1986 memorandum.
In her testimony, the mother took the position that the father had long since regained the financial ability to pay the $100 per week. The father testified to the contrary. The evidence revealed, however, that the father had worked regularly and had consistently earned a substantial income. He further testified that he had paid approximately $20,000 against certain bank loans since the divorce and that he sold his real estate to his brother approximately ten days before the hearing below for $20,150 "cash." When asked by the mother's attorney, "Where is the cash?" he replied, "Well really, I don't see that that's any of your business."
Of the $13,200 accruing since the decree, the mother testified that the father had paid $7,720, leaving an arrearage of $5,482, for which she requested judgment against the father. He testified that the arrearage of $5,482 "would be close" to the correct amount. However, he specifically claimed credit for $9,473 paid against his child support obligation. Even though this amount is some $3,727 less than the total accruing under the decree, he asserts that he has paid all he should have paid due to the memorandum of July 1986. We disagree.
To quote Morgan v. Morgan, 275 Ala. 461, 464, 156 So.2d 147,150 (1963):
 "This argument overlooks well settled legal principles to the effect that appellant's duty to support his minor children, and the amounts of such support, were imposed by a final decree of a court having full jurisdiction in the premises. The parents are without any warrant in law to later nullify such decree by mutual agreement between themselves so as to deprive the minor children of the support to which they are entitled under the decree of a court of competent jurisdiction. Such agreements are without consideration, and void as a matter of public policy. Pilson v. Salvoni, 65 App. D.C. 55, 79 F.2d 411 [(D.C. Cir. 1935)]; Mosher v. Mosher, 25 Wn.2d 778, 172 P.2d 259
[(1946)]; Herzog v. Herzog, 23 Wn.2d 382, 161 P.2d 142 [(1945)]; Cervantes v. Cervantes, 239 Mo. App. 932, 203 S.W.2d 143 [(1947)]; Glaze v. Strength, 186 Ga. 613, 198 S.E. 721 [(1938)]; Walter v. Walter, 189 Ill. App. 345." (Emphasis added.)
In their testimony in the trial court, the parties apparently disagreed as to the effect of the July 1986 memorandum. However, assuming a clear understanding between the parties, such an attempted agreement would be a nullity and would have been of no effect. Oakes v. Cummings, 47 Ala. App. 327,253 So.2d 784 (Ala.Civ.App. 1971).
A mother may not waive support payments due a minor child from its father under a decree of the court, nor may support provisions of the decree be nullified by agreement between the parents. Morgan v. Morgan; supra; Hall v. Hall, 280 Ala. 275,192 So.2d 727 (1966). The court was without authority to release or discharge the father from payment of support payments which had matured and become due under the original divorce decree of January 30, 1986.
Installment payments for support of minor children decreed by the court become *Page 1030 
final judgments as of the date due and may be collected as other judgments. Wood v. Wood, 275 Ala. 305, 154 So.2d 661
(1963). Such payments which mature or become due before the filing of a petition for modification are immune from change.Morgan v. Morgan, supra; Whitt v. Whitt, 276 Ala. 685,166 So.2d 413 (1964).
As above stated, the evidence was undisputed that the father was in arrears a minimum of $3,727, taking into account every credit claimed by him. In such instances we are not bound by the court's findings because our ore tenus rule of review does not apply where, as here, the lower court misapplied the law to the undisputed facts. Security Ins. Co. v. Smith, 360 So.2d 280
(Ala. 1978); Steel City Erection Co. v. Johnson-Rast Hays,Inc., 402 So.2d 1014 (Ala.Civ.App. 1981).
We therefore reverse the trial court for the reasons herein stated.
Appellant has further argued that the trial court was in error by failing to adjudge appellee in contempt and in failing to award appellant an attorney's fee in the trial court. Ordinarily these two matters are left to the sound discretion of the trial court and will not be disturbed unless palpably wrong or manifestly unjust; however, our reversal of the trial court's adjudication as to arrearage could be cause for the trial court to reconsider both contempt and attorney's fees on remand.
The judgment of the trial court denying appellant's request for money judgment is hereby reversed and the cause is remanded for proceedings consistent with this opinion, which proceedings must result in judgment for appellant against appellee in an amount not less than $3,727.
Appellant is awarded an attorney's fee of $400 on appeal.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.