Joy G. Barnes, mother, brought this action against Jimmy Paul George, father, alleging that the father was in contempt of court for failure to pay ordered child support obligations.
The parties had three children before they were divorced in 1975, and the father was ordered to pay support and maintenance for each of the three minor children. At the trial of this case, the parties stipulated that the father had not made any child support payments since January 1979.
The record reflects that an oral agreement was made between the mother and the father on January 8, 1979. This agreement related to an adoption proceeding (which never took place) and purported to terminate child support payments previously ordered by the trial court. However, this agreement was never presented to the trial court and, therefore, did not serve to modify the trial court's original order. It did not terminate the father's child support obligation.
On April 17, 1990, the trial court, after a hearing, entered judgments against the father for each child support payment that "came due" under the 1975 divorce decree and was not paid. In the same decree, the trial court, based upon the 1979 agreement between the parties, granted the father's Rule 60(b)(6), Alabama Rules of Civil Procedure, motion, thereby relieving the father from any obligation to make the accrued past due and unpaid child support payments.
The mother argues on appeal that the circumstances of this case do not justify setting aside the judgment under the "any other reason" ground of Rule 60(b)(6), A.R.Civ.P. She contends that the father's obligation to support his children cannot be relieved by an agreement of the parents.
Rule 60(b)(6) contains two very important prerequisites to its application: first, the motion must be based on some reason other than those stated in clauses (1) through (5) of Rule 60(b); and second, the reason urged for relief must be such as to justify relief. Hereford v. Hereford, 425 So.2d 480
(Ala.Civ.App. 1983). Regarding the second requirement for the application of Rule 60(b)(6), relief is available only under the most extraordinary and compelling circumstances. Self v.Maynor, 421 So.2d 1279 (Ala.Civ.App. 1982).
Furthermore, the broad power granted by subdivision (b)(6) is not for the purpose of relieving a party from free, calculated, and deliberate choices which he has made. Musgrove v. Musgrove,423 So.2d 881 (Ala.Civ.App. 1982). A party remains under a duty to take the legal steps necessary to protect his own interest. Rebel Oil Co. v. Pike, 473 So.2d 529
(Ala.Civ.App. 1985). *Page 1219 
It is a well-settled principle that a parent may not waive support payments due a minor child from the other parent under a decree of the court; neither may support provisions of the decree be nullified by agreement between the parents. Mann v.Mann, 550 So.2d 1028 (Ala.Civ.App. 1989); Morgan v. Morgan,275 Ala. 461, 156 So.2d 147 (1963). The trial court here lacked the authority to release or discharge the father in regard to support payments which had matured and become due under the original divorce decree even though the trial court may find the failure to pay not to be contumacious.
Consequently, this case is due to be reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.