This is a divorce case.
On March 7, 1978 David Frasemer (husband) filed a petition for divorce from Wanda June Frasemer (wife) in the Circuit Court of Colbert County, Alabama. The divorce was granted on September 17, 1979. In its final decree, the trial court awarded custody of the parties' minor child to the wife and ordered the husband to pay $80.00 per month as child support.
On April 27, 1988 the wife filed a petition for rule nisi, alleging that the husband had failed to make the payments ordered by the court and was currently in arrears. The husband filed an answer to the petition on June 1, 1988, denying the contempt allegations. In his answer, the husband stated that the wife and he had entered into an extrajudicial arrangement by which wife's new husband would be responsible for supporting the child, thus excusing the husband from further payment of child support.
The cause was set for hearing on June 30, 1988. At the time of the hearing, the parties informed the trial court that they had arrived at an agreement. On July 1, 1988, the trial court entered an order ratifying the agreement as follows:
 "It is agreed between the parties that child support shall continue at $80 per month to be paid through the Circuit Clerk's Office beginning July 14, 1988 until the minor child of the parties is nineteen years of age, self supporting, and/or married."
On February 15, 1990 the wife filed a second petition for rule nisi, seeking the same arrearage for which she had filed her first petition. The wife raised no other issues in her second petition. An ore tenus proceeding was held on June 21, 1990. At that time, the trial court heard evidence concerning the extrajudicial arrangement entered into by the parties whereby the husband had stopped paying child support. On June 26, 1990 the court entered an order denying the petition for rule nisi, based on the agreement brought before the court on July 1, 1988. The wife appeals.
We begin by noting that, where the evidence in child support matters has been presented ore tenus, the trial court's judgment on such matters will not be disturbed absent a showing of a palpable abuse of discretion. Erwin v. Luna,443 So.2d 1242 (Ala.Civ.App. 1983).
The record reveals the following pertinent facts: Following the divorce of the parties, the husband paid the required amount of monthly child support until the *Page 1348 
wife remarried in December of 1984. After her remarriage, the husband informed the wife that he intended to discontinue the child support payments. The husband and wife met and agreed that the wife's new spouse would support the child and the husband would be exempted from further child support payments. The parties further agreed that the wife would continue to sign the payment record of the circuit court each month, falsely indicating that the husband was making the payments.
Pursuant to this extrajudicial arrangement, the husband stopped paying child support. Then, in 1988, the wife brought the first petition for rule nisi, seeking arrearage for the payments she had falsely acknowledged to the circuit court. After the wife brought this petition, the parties entered into an agreement whereby the husband would continue payment of $80.00 per month child support. The trial court ratified this agreement on July 1, 1988, and the wife did not pursue her petition for rule nisi. Thereafter, the husband duly paid the monthly child support until the child reached the age of nineteen. The wife, however, went on to file a second petition for rule nisi to collect the arrearage produced by the parties' extrajudicial agreement.
The wife now argues that the trial court abused its discretion by refusing to find the husband in arrears for past-due child support payments arising before the July 1 agreement was ratified by the trial court.
The record indicates that the trial court denied the wife's second petition for rule nisi because of the parties' July1 agreement. However, it was uncontroverted at trial that, prior to the July 1 agreement, the husband failed to pay some $5,730.73 in child support. The trial court apparently denied the wife's second petition for this arrearage merely because it was the same amount sought in the first petition, which was not pursued after the parties entered into their July 1 agreement. In so doing, the trial court apparently considered the July 1 agreement to be a "consent judgment" which settled the issues raised by the wife's petition for rule nisi.
A consent judgment is in the nature of a contract which, with the approval of the court, binds the parties as fully as any other judgment. Price v. American National Bank,350 So.2d 328 (Ala. 1977). The consent judgment acts as a final settlement of the claims raised, under which the parties waive errors and irregularities, absent fraud or mistake. Hansonv. Hearn, 521 So.2d 953 (Ala. 1988).
We do not find that the July 1 agreement could properly act as a consent judgment in this case. Indeed, the record shows that the agreement did not even address the issues raised by the petition for rule nisi. Rather, the agreement merely reiterated the amount of child support which the father was obligated to pay under the original divorce decree. The issue of the father's liability for past-due child support payments was thus left wholly unadjudicated.
Even if the July 1 agreement had specifically addressed the issues of arrearage and could be termed a consent judgment, such a judgment would be a nullity in this case. It is well settled that the issue of arrearage is not subject to settlement between the parties, even where their agreement is sanctioned by the trial court. Court-ordered child support payments become final money judgments on the dates that they accrue and are thereafter immune from change or modification.Motley v. Motley, 505 So.2d 1228 (Ala.Civ.App. 1981). While it is within the discretion of the trial court to modify the amount of child support due in the future, the trial court may not release or discharge child support payments once they have matured and become due under the original divorce decree. Mann v. Mann, 550 So.2d 1028
(Ala.Civ.App. 1989). Further, the trial court may not diminish the amount of arrearage shown. Endress v. Jones,534 So.2d 307 (Ala.Civ.App. 1988). At most, the trial court has discretion only as to the amount of arrearage by giving credit to the obligated parent for money and gifts given to the child, Sutton v. Sutton, 359 So.2d 392
(Ala.Civ.App. 1978), or for amounts expended while the child lived with the obligated *Page 1349 
parent or a third party. Nabors v. Nabors,354 So.2d 277 (Ala.Civ.App. 1978). Where the obligated parent has failed to make child support payments because of financial inability to do so, the trial court may properly find the parent notin contempt, Patterson v. Gartman, 439 So.2d 171
(Ala.Civ.App. 1983), but the trial court may not "forgive" or set aside the accrued arrearage. State Dep't of HumanResources v. Hulsey, 516 So.2d 720 (Ala.Civ.App. 1987). Moreover, a mother may not waive support payments due a minor child from the child's father under a decree of the court, nor may support provisions of the decree be nullified by agreement between the parties. Morgan v. Morgan, 275 Ala. 461,156 So.2d 147 (1963); Mann.
In light of these well-settled principles of law, we find that the July 1 agreement was not a consent judgment that could "settle" the issue of arrearage accruing before July 1. Furthermore, the mother did not "waive" the arrearage by entering into the July 1 agreement. At most, the record merely reflects a refusal by the mother to pursue the child support arrearage at that time. Her refusal to seek the arrearage then does not estop her from seeking it now with a second petition for rule nisi. The principle of estoppel has no basis for application when dealing with past-due child support.Rudder v. Rudder, 462 So.2d 732 (Ala.Civ.App. 1984).
By failing to calculate the amount of arrearage and enter a monetary judgment therefor, the trial court in effect erroneously eliminated the final judgments for past-due child support which the wife already possessed. O'Neal v.O'Neal, 532 So.2d 649 (Ala.Civ.App. 1988). Accordingly, we find that the trial court's denial of the wife's second petition for rule nisi was in error, and we remand this cause to the trial court for a decision as to the arrearage due from the period before the July 1 agreement.
We note that it appears from the record that the arrearage sought by the wife was produced in part by the parties' extrajudicial agreement, which could be deemed a fraud on the circuit court. While the past-due child support payments sought by the wife indeed act as final judgments, the trial court may exercise its inherent power to set aside and vacate at any time a judgment because of supervening invalidity based on fraud.Crisco v. Crisco, 294 Ala. 168, 313 So.2d 529 (1975). Thus, when determining the issue of arrearage on remand, the trial court may properly consider whether the parties have perpetrated a fraud on the court and, if so, what effect such a finding will have on the ultimate issue. Should the court decide that a fraud had been worked on it, such a decision would not preclude the court from affixing an amount of arrearage and from awarding such an amount directly to the child, who has now reached the age of majority. See Cornettv. Cornett, 398 So.2d 303 (Ala.Civ.App. 1981). The mother and father's possible fraud should not be allowed to deprive the child of its court-ordered support. A court's order for such support is always made for the sole benefit of the child, even though directed to be paid to the custodial parent.Binns v. Maddox, 57 Ala. App. 230, 327 So.2d 726
(Ala.Civ.App. 1976).
This cause is reversed and remanded for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur. *Page 1350