The parties were divorced in 1985. The father was ordered, among other things, to pay $400 in monthly child support.
In March 1991 the mother filed a complaint alleging that the father failed to comply with the child support provision of the divorce decree. Following oral proceedings, the trial court modified the decree, applied the child support guidelines, and ordered the father to pay $450 per month in child support. The court found that the mother owed the father $874 for personal loans which the father had advanced her. It ordered "[t]he sum of $874.75 may be deducted from child support payments at the rate of $100.00 per month until the same has been paid in full." The mother appeals.
The mother raises the following issue on appeal:
 "Whether the Circuit Court of Dale County had jurisdiction to modify the child support obligation paid to appellant for the benefit of the parties' minor child by ordering the monthly payment reduced by one hundred dollars in order to repay personal loans to the appellant by the appellee."
The record reflects that the father lent the mother and her new husband various amounts of money for personal use from October 1988 through December 1988. In December 1988 the father prepared a "Loan Balance Statement" for the mother to sign, which stated, "$100.00 per month will be withheld from monthly child support until the balance . . . is paid in full." The document reflected that a balance of $1,975.50 was due. The mother signed the document, and the father began to withhold $100 per month from the child support obligation. At the time of the hearing on the modification, the balance due was $874.75.
Child support provisions in a divorce decree may not be nullified by agreement of the parties, nor may a mother waive support payments due a minor from its father under a decree of the court. Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App. 1989). An attempted agreement to waive support is a nullity and of no effect. Mann.
In this instance the trial court simply validated the agreement of the parties. The trial court was without authority to do so because the agreement itself was a nullity and of no effect. Furthermore, the deduction of the $100 could not be ascertained to be a credit because there was no evidence in the record that the personal loans made to the mother were used for the benefit of the child.
A child's right to receive support from its parents is inherent, Erwin v. Luna, 443 So.2d 1242 (Ala.Civ.App. 1983), and cannot be waived by the parents. Mann. The court's inclusion of the parents' agreement in its decree gives credence to such agreement. We recognize that the court could have drawn its decree to otherwise achieve the same result, but to approve the deduction from a judgment of child support to pay the mother's debt to the father would tend to negate case law previously established. If the mother owes a personal debt to the father as stated in the decree, there are means to collect it other than from funds due for child support.
That part of the judgment which entitles the father to deduct $100 per month from the amount of child support until the debt of the mother is paid is hereby directed to be set aside. *Page 506 
We find the other matters argued in brief are not pertinent to the one issue presented.
This case is affirmed in part, reversed in part and remanded with directions.
The father's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
All the Judges concur.