YATES, Judge.
The father appeals from the trial court’s order refusing to apply the child support guidelines of Rule 32, Alabama Rules of Judicial Administration. We agree with the father and reverse.
The parties were divorced in June 1987. Based on the agreement of the parties, custody of the two minor children, ages 1½ and 3 years, was awarded to the father, and the mother was granted reasonable visitation rights.
In April 1989 the court denied the mother’s request for a change of custody. In March 1992 the father sought child support in accord with Rule 32, and the trial court, in September 1992, ordered the mother to pay child support in the amount of $250 per month. The amount of child support awarded was substantially below the amount the father would have received had the trial court applied the guidelines.
In support of its findings the trial court stated “[tjhis sum is not in compliance with *341 Rule 32, ARJA, Child Support Guidelines based on the expenses of the parties, incomes of the parties, additional children, and the original agreement of the parties setting out no child support at that time.” The father appeals, arguing that the trial court erred and that the guidelines should have been applied.
At the outset we note that when the trial court hears disputed evidence, a presumption of correctness attaches to its findings and resulting judgment, unless its decision is found to be plainly and palpably wrong. We also note that when undisputed evidence is heard there is no presumption of correctness of the trial court’s decision. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Dyer, 454 So.2d 921 (Ala.1984). Here, the evidence is clearly undisputed. Thus, the appellate court may make a finding on its own review of the evidence.
The husband contends that the trial court erred in deviating from the child support guidelines without a finding that their application would be manifestly unjust or inequitable. “The child support guidelines are mandatory in all actions filed after October 9, 1989. Rule 32, A.R. J.A. The trial court may deviate from the guidelines only where the parties have entered upon a fair, written agreement establishing a different amount of support and stating the reasons therefor, or upon a written finding on the record that application of the guidelines would be manifestly unjust or inequitable. Rule 32(A), A.R.J.A.” Thistlethwaite v. Thistlethwaite, 590 So.2d 317, 319 (Ala.Civ.App.1991).
The evidence in this case revealed that at the time of the divorce the mother was unemployed. She was not required to pay child support for over five years and had not contributed any support to the children, with the exception of minimal gifts. At the time of the hearing concerning child support, the mother had obtained her nursing degree and her gross income was $2,845 per month, as compared to the father’s gross income of $2,437 per month. Additionally, the mother receives $300 per month in child support for a minor child of a subsequent marriage.
While the original agreement of the parties should be given careful consideration, child support cannot be forever waived by the parties. Thompson v. Hove, 596 So.2d 939 (Ala.Civ.App.1992); Tucker v. Tucker, 403 So.2d 262 (Ala.Civ.App.1981). We recognize that when the original divorce decree makes no reference to the payment of child support, proof of a material change of circumstances is not necessary in order to obtain child support. Armstrong v. Sparks, 360 So.2d 1012 (Ala.Civ.App.1978). In the case at hand, the parties entered into an agreement incorporated into the original divorce decree which made no mention of child support. The father, in support of his petition, however, did demonstrate that circumstances had changed materially since the time of the divorce. He introduced evidence of expenses on behalf of the children, including school tuition, school uniforms, day care, food, extracurricular activities, and other necessary items. Further, evidence was presented that there was no dispute as to the wife’s increased income since the time of the divorce.
We disagree with the trial court’s deviation from the guidelines. The record reflects that the mother has the normal expenses of the average person and does not have extraordinary expenses that would impair her ability to pay child support. Therefore, we hold that it would not be manifestly unjust or inequitable to award child support in conformity with Rule 32. The judgment of the trial court is reversed and the cause is remanded with instructions for the trial court to enter an order requiring the wife to pay child support pursuant to the guidelines.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.