L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from a denial of a Rule 60(b)(6), A.R.Civ.P., motion.
In March 1992 the state filed a complaint against Sheila Kyser-Taylor for the forfeiture of a 1979 Mercedes Benz 450SEL. The complaint was based on the allegation that the automobile was purchased by Kyser-Taylor’s brother with proceeds derived from the sale of controlled substances. Kyser-Taylor failed to answer the complaint, and a default judgment was entered in the state’s favor on April 28, 1992.
In March 1992 Kyser-Taylor was also indicted in federal court on the charge of money laundering. The indictment was based on her relationship with her brother and his drug sales. She was acquitted of the criminal charges on May 14, 1992.
On December 16, 1992, Kyser-Taylor filed a Rule 60(b)(6) motion, requesting that the default judgment entered on the forfeiture complaint be set aside. The basis of her motion was that
“Sufficient testimony was adduced at the Federal trial for money laundering, at which trial she was acquitted, to establish: (a) her innocence of the charge, and (b) her ownership of the automobile in question, purchased with funds earned by her husband ... and herself.”
A hearing was held on the motion. The motion was summarily denied. Kyser-Tay-lor appeals.
Kyser-Taylor asserts that the facts of this case present a situation that would entitle her to relief under Rule 60(b)(6).
The essence of her argument is that she relied to her detriment on the tactical decision of her attorney not to defend the forfeiture action. The record on appeal consists only of the clerk’s record. There is no transcript of the hearing on the motion. From what we are able to glean from the scant record, it appears that Kyser-Taylor’s attorney made the decision not to allow her to appear at the forfeiture action for fear of jeopardizing her federal criminal defense. Her attorney, in an affidavit, averred that before Kyser-Taylor acquiesced in his strategy, she repeatedly insisted that something be done about the forfeiture action.
Rule 60(b)(6) authorizes setting aside a final judgment “for any other reason justifying relief,” where the reason is not listed elsewhere under Rule 60(b). Rule 60(b)(6) is an extreme remedy and should be used only under extraordinary circumstances. Williams v. Williams, 581 So.2d 1116 (Ala.Civ.App.1991). We do not think the facts of this case present such extraordinary circumstances.
The decision not to defend the forfeiture action was a tactical decision made by Kyser-Taylor’s attorney. It is well settled that Rule 60(b)(6) may not be used for the pur *749 pose of relieving a party from free, calculated, and deliberate choices she has made. Williams. A party has the duty to take legal steps necessary to protect her own interests. Barnes v. George, 571 So.2d 1217 (Ala.Civ.App.1990). Had Kyser-Taylor been more diligent in pursuing her legal rights, she had the opportunity to seek relief under Rule 55(c).
We find that Kyser-Taylor has failed to establish that she is entitled to the extraordinary relief authorized by Rule 60(b)(6). The trial court did not abuse its discretion in denying the motion. Smith v. Clark, 468 So.2d 138 (Ala.1985). The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.