YATES, Judge.
The State of Alabama, on behalf of Berne-tha Harper, the mother of a minor child, filed a petition in the District Court of Lee County, seeking modification of a child support order previously entered against Robert Finley, the father. Following a hearing, the court ordered an increase in child support to $50 per week; payment of a child support arrearage of $3,520; and an “intercept” of the father’s income tax refund.
The father appealed that judgment to the Circuit Court of Lee County. The circuit court reversed, finding no arrearage due and ordering that the tax refund intercept be released. The State appeals.
This appeal was submitted on the State’s brief only, and it contends that the child support arrearage found by the district court was due to be paid. The State argues that an agreement by another man (the mother’s husband) to adopt the child had not relieved the father of his obligation of support because no adoption, in fact, ever occurred.
Child support orders become final judgments on the dates the payments are due. State Department of Human Resources v. Hulsey, 516 So.2d 720 (Ala.Civ.App.1987). As final judgments, child support arrearages may be collected as any other judgment, and the trial court is without authority to change or modify such an arrear-age. Hardy v. Hardy, 600 So.2d 1013 (Ala.Civ.App.1992).
Like this case, Barnes v. George, 571 So.2d 1217, 1218 (Ala.Civ.App.1990), concerned an agreement entered into by the parties “related to an adoption proceeding (which never took place).” The agreement did not modify the trial court’s original order, since it was not presented to the trial court. This court stated in Barnes, “[The adoption agreement] did not terminate the father’s child support obligation.” Id. at 1218. The trial court may not discharge the father’s matured child support obligations, even though the failure to pay was not contumacious. Id.
Here, the father does not dispute that he accrued an arrearage in child support payments from September 1987 through July 1992. He testified that on September 20, 1987, he gave his written consent for the mother’s husband to adopt the minor child, and that he was led to believe that the adoption had taken place. However, the mother testified that she and her husband began having marital difficulties and that the adoption was never completed. The father testified that he resumed weekly - child support payments in July 1992.
We are sympathetic with the father’s predicament; however, we conclude that the trial court erred in finding that there was no child support arrearage owed by the father and in releasing the tax refund intercept. The judgment of the trial court is reversed, and the cause is remanded with instructions to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.