The State Department of Human Resources (State), on behalf of the mother of two minor children, sought to modify a child support order. The trial court found the mother to be in contempt of court, apparently because she had interfered with the father's exercise of his visitation rights with the minor children. The trial court refused to hear the State's petition until the mother purged herself of the contempt.
The State, on behalf of the mother, appeals. The father has not favored this court with a brief.
After a review of the record, we find that the judgment of the trial court is due to be reversed and the cause remanded.
This case has a somewhat tortuous history. The record, in pertinent part, reveals the following: The parties were divorced in May 1988. The mother was awarded custody of the parties' two minor children, subject to the visitation rights of the father. The father was ordered to pay child support in the amount of $50 per week per child.
In August 1988 the mother filed a petition for rule nisi, wherein she alleged, in pertinent part, that the father had failed, or refused, to make child support payments. The trial court issued an order dated November 21, 1988, wherein it found the father to be in direct contempt and sentenced him to jail. However, the sentence was suspended to allow the father to purge himself of contempt. The mother was awarded a judgment against the father in the amount of $3,402, which represented the amount of the arrearage. The father was ordered to satisfy the judgment by paying $25 each week thereon.
In May 1989 the mother filed another petition for rule nisi and a petition to modify the divorce decree. The mother alleged that the father continued to be in arrears in his child support obligation, and she requested that the trial court issue a wage withholding order and place the father in jail until he purged himself of contempt. The mother also requested that the trial court suspend the father's visitation rights with the parties' minor son because, she says, the father physically and emotionally abused the child. She further requested that the trial court order the father to pay for psychiatric counselling for their minor son and that the father be ordered to receive counselling prior to any further visitation.
The father filed an answer and a counterclaim, wherein he alleged that the mother was not a fit and suitable person to have custody of the parties' minor children, and he requested that the trial court award custody of the parties' minor children to him.
In July 1989 the trial court issued an order. In its order, the trial court found the father to be in direct contempt and sentenced him to jail. The sentence was suspended to allow the father to purge himself of contempt. The trial court ordered that a wage withholding order be issued for collection of the $100 per week in child support and the $25 per week in payment of the child support arrearage. The father was awarded all reasonable rights of visitation with the minor *Page 1046 
children, and the trial court ordered the father to pay for counselling for the parties' minor son.
In March 1993 the father filed a petition for rule nisi and a petition to modify the divorce decree. The father alleged that the mother had consistently failed, or refused, to allow the father to exercise his visitation rights with the minor children. He requested that the trial court find the mother in contempt. The father also requested that the trial court modify his rights of visitation to include extended rights to long-distance visitation with the minor children, due to the fact that the mother and children now reside in California. The mother filed a motion to transfer the cause to California, due to the fact that she and the minor children had resided in California since August 1989.
In October 1993 the State, on behalf of the mother, filed a petition to modify. The petition stated that the State of California had provided a petition seeking modification of the father's child support obligation. The petition alleged, "the needs of the minor children have increased and/or there has been a material change in circumstances in that the [father] is gainfully employed and able to pay more child support in accordance with the Rule 32, ARJA, child support guidelines."
In April 1994 the trial court issued an order, wherein it found the mother to be in direct contempt of prior orders of the court. The trial court refused to hear the mother's petition to modify until the mother purged herself of contempt by obeying all prior orders of the court.
The State filed a post-judgment motion. The attorney who represented the mother regarding the visitation issue also filed a post-judgment motion, wherein she alleged that she was not present at the April 1994 hearing because she was never notified of the April 1994 hearing. The trial court held a hearing on the motions. Thereafter, the trial court issued an order, wherein it denied both of the post-judgment motions.
As previously noted, the State appeals.
The issue on appeal is whether, in this instance, the trial court committed reversible error when it refused to hear the State's petition to modify the father's child support obligation because it found the mother to be in contempt for violating the trial court's prior orders regarding the father's rights of visitation.
Initially, we would note that the record contains the transcript of the hearing on the post-judgment motions, but does not contain a transcript of the April 1994 hearing on the father's petition for rule nisi and the State's petition to modify. The father's attorney stated at the hearing on the post-judgment motions that the father testified at the April 1994 hearing and that the father's testimony concerned the mother's interference with the father's visitation rights. The mother has not appealed the question of whether she was, in fact, in contempt for interfering with the father's visitation rights, and we do not address that question.
The question which we address in this appeal is whether the trial court may refuse to hear the State's petition to modify the father's child support obligation on the grounds that the mother is in contempt of court for interfering with the father's rights of visitation with the minor children.
It is well settled that minor children have a fundamental right to support from their parents until they reach the age of majority and that this right is one which cannot be waived.Hermsmeier v. McCoy, 608 So.2d 1369 (Ala.Civ.App. 1992); Willisv. Levesque, 402 So.2d 1003 (Ala.Civ.App. 1981). Even though child support is paid to the custodial parent, it is for the benefit of the minor children. The custodial parent cannot agree to forgive the amount due under a child support arrearage, and the parent cannot waive child support due under a court order. Grimes v. Woolman, 595 So.2d 504
(Ala.Civ.App. 1992); Frasemer v. Frasemer, 578 So.2d 1346
(Ala.Civ.App. 1991); Shackleford v. Shackleford, 572 So.2d 468
(Ala.Civ.App. 1990).
This court has previously recognized that Alabama has no provision whereby a credit can be awarded against a child support arrearage merely because the non-custodial parent was denied visitation rights with the *Page 1047 
minor children. Phillippi v. State ex rel. Burke,589 So.2d 1303 (Ala.Civ.App. 1991). Further, this court has recognized that it is legally impossible for a parent to waive visitation rights with the minor children in exchange for release from the obligation of providing support for those minor children.Willis, 402 So.2d 1003. In Frasemer, 578 So.2d at 1349, this court stated the following: "The mother and father's possible fraud [upon the court] should not be allowed to deprive the child of its court-ordered support. A court's order for such support is always made for the sole benefit of the child."
In the present case, the State filed a petition to modify the father's child support obligation at the request of the State of California, which is where the minor children currently reside. The trial court refused to hear the petition because it found the mother had failed to comply with the trial court's order regarding the father's visitation rights.
However, in light of the above, and, in particular, the state of the record, the State's involvement in the case, and the unclear nature of the mother's contempt, we find that the trial court committed reversible error when, in this instance, it allowed the visitation issue to deprive the minor children from possibly receiving an adequate amount of support from their father. Consequently, the trial court's judgment is due to be reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.