Stanley McCreless appeals from that portion of a judgment finding him to be in arrears in the payment of child support to his former wife, Barbara Ann McCreless (now known as Barbara Foxx), and ordering him to pay that arrearage. We affirm.
The parties were divorced in 1988. The divorce judgment awarded custody of the parties' two children to the mother and ordered the father to pay child support of $225 per month. In 1989, the trial court amended the judgment, increasing child support to $300 per month. In 1990, the parties executed an agreement providing that, beginning July 29, 1990, the parties' son would live with the father and the father would pay $150 per month to the mother as child support for the parties' daughter. Thereafter, the father paid the reduced rate of child support pursuant to the agreement, but the parties never formally sought to modify their divorce judgment to reflect the terms of their agreement. In May 1994, the mother petitioned to modify the divorce judgment, seeking an increase in child support for the daughter. The son was already 19 years old when the mother filed her petition. The mother also asked the court to find the father in contempt of court for his failure to pay child support as ordered and sought a judgment for the arrearage in child support. In response, the father argued that the parties' agreement to decrease the amount of child support precluded any of the relief requested by the mother.
After hearing ore tenus evidence, the trial court gave the father credit for $100 per month from July 1990 through August 1994, based upon the support the father claimed he had provided for the son when the son lived with him. The trial court then calculated an arrearage of $3,200 owed by the father and awarded a judgment to the mother for that amount. The trial court subsequently *Page 440 
amended the judgment amount to $2,550. The judgment also increased the amount of child support to be paid for the daughter and modified the visitation provisions, but the father did not appeal as to those aspects of the judgment. We note that the mother argues in her brief that the trial court miscalculated the amount of the arrearage, but, because she did not cross appeal, that issue is not properly before us and we will not address her contention. Metro Bank v. Henderson'sBuilders Supply Co., 613 So.2d 339 (Ala. 1993).
The father makes several arguments here. The gist of his arguments, however, is his contention that because the parties made an agreement between themselves about child support, and because he abided by that agreement, the judgment for the child support arrearage was error. Specifically, his arguments regarding estoppel and the "clean hands" doctrine are without merit. Holman v. Holman, 612 So.2d 492 (Ala.Civ.App. 1992);Frasemer v. Frasemer, 578 So.2d 1346 (Ala.Civ.App. 1991). The dispositive issue is whether the parties to a divorce action can subsequently modify the child support provisions of the judgment without court approval and ratification. That question has previously been answered in the negative.
The father argues that public policy favors the adoption of informal agreements such as the one the parties executed here. A review of Alabama law demonstrates otherwise, particularly in the area of child support. In Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963), our supreme court stated:
 "The parents are without any warrant in law to later nullify [a final decree] by mutual agreement between themselves so as to deprive the minor children of the support to which they are entitled under the decree of a court of competent jurisdiction. Such agreements are without consideration, and void as a matter of public policy."
275 Ala. at 464, 156 So.2d at 150 (citations omitted). Later, in Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App. 1989), this court held that an agreement similar to the one executed by the parties in this case was invalid and had no effect. The divorce judgment in Mann provided for the father to pay child support of $100 per week. After a change in the father's employment, he and the mother signed an agreement whereby the mother was to accept $50 per week in child support until he began earning more money. The agreement never was made the basis of any attempt to modify the divorce judgment. When the mother sought a judgment for an accumulated arrearage based on the terms of the divorce judgment, the trial court denied it; this court reversed.
 "A mother may not waive support payments due a minor child from its father under a decree of the court, nor may support provisions of the decree be nullified by agreement between the parents. The court was without authority to release or discharge the father from . . . support payments which had matured and become due under the original divorce decree. . . ."
550 So.2d at 1029 (citations omitted). Likewise, a voluntary agreement between divorced parents regarding custody issues, without the confirmation of a court order, is also a legal nullity. Garrison v. Garrison, 557 So.2d 1277 (Ala.Civ.App. 1990).
Court-ordered child support payments become final money judgments on the dates on which they accrue, and they are thereafter immune from modification. Frasemer, 578 So.2d at 1348. Although a trial court has the discretion to modify the amount of child support due in the future, the court may not discharge child support payments once they have matured and become due under the divorce judgment. Frasemer, 578 So.2d at 1348; Mann, 550 So.2d at 1029-30. The trial court does have the discretion, however, to give the obligated parent credit for money and gifts given to the child, or for amounts expended while the child lived with the obligated parent or a third party. Frasemer, 578 So.2d at 1348-49. The father's insistence that his adherence to the parties' agreement satisfied his child support obligation is unfounded. The father admits that he paid $150 per month instead of the $300 per month specified by the 1989 judgment; therefore, he was clearly in arrears in the payment of his court-ordered *Page 441 
child support. The only question was the amount of the arrearage.
A trial court's determination of the amount of a child support arrearage, including the grant or refusal of a credit, is largely a discretionary matter, and the trial court's ruling in that regard will not be reversed on appeal absent an abuse of discretion. Brown v. Brown, 513 So.2d 617, 619
(Ala.Civ.App. 1987); Hamilton v. Phillips, 494 So.2d 659
(Ala.Civ.App. 1986). After reviewing the record, we cannot say that the trial court abused its discretion here.
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the judges concur.