CRAWLEY, Judge.
This is the second time these parties have appeared before this court in this action. The prior appeal involved a post-divorce modification proceeding in which the trial court, among other things, granted the father a one-month summer visitation with the minor child and relieved the father of his obligation to pay child support during that month.
*636 On March 17, 1995, this court reversed that portion of the trial court’s judgment that abated the father’s child support payment for the month he had summer visitation with the child and remanded the cause with directions. See Flanagan v. Flanagan, 656 So.2d 1228 (Ala.Civ.App.1995). We held that the Child Support Guidelines of Rule 32, Ala.R.Jud.Admin., do not authorize abatement of child support during periods of visitation, unless the visitation is of extraordinary length. Therefore, we determined that if the trial court orders an abatement for an ordinary one-month summer visitation it has deviated from the guidelines and must state its reasons for the deviation. In Flanagan v. Flanagan, 656 So.2d at 1232, our instructions on remand were as follows:
“We therefore remand this cause with directions for the trial court to redetermine the issue of a child support abatement during summer visitation. If the court allows an abatement, we direct it to make ‘[a] determination ..., based upon evidence presented in court and stating the reasons therefor, that application of the guidelines would be manifestly unjust or inequitable.’ Rule 32(A)(ii)[, Ala.R.Jud.Admin.].”
Pursuant to this court’s remand, the trial court conducted a hearing on May 15, 1995. The hearing was not recorded. The trial court’s entry on the case action summary sheet for that date recites: “Reconsideration taken by motion without record. Issues presented. Order to follow. Issue on modification by agreement taken up. Order to follow.” (Emphasis added.) On May 24, 1995, the trial court issued an “Order on Remand,” deleting from its prior judgment the provision abating child support during the father’s summer visitation with the child, but reducing the father’s monthly child support obligation from $641 per month to $629.50 per month.
Two months later, the mother filed a garnishment, seeking to collect $641 in unpaid child support for the month of July 1994, a time when the father had had summer visitation with the child and had not made a child support payment. The father filed a motion to stay the garnishment, and the court set the matter for a hearing. At the beginning of the hearing, the trial court observed:
“The parties have extensively argued the issue of whether the $641 child support which was not paid in July ’94 ... was forgiven, [or] whether it is still outstanding due to the order on remand from the Court of Civil Appeals. That issue was not addressed by this Court in the order on remand which is dated May 24th, ’95.”
During the hearing, the father filed an oral motion pursuant to Rule 60(b), Ala.R.Civ.P., to modify the “Order on Remand.” The trial court granted the motion, stayed the garnishment, and amended its prior order to reflect that, for the month of July 1994, the father owed child support in “the sum of $228.70, to be paid at the rate of $25.00 per month commencing November 1, 1995.” The mother appealed and the father cross-appealed. We reverse.
In Flanagan v. Flanagan, 656 So.2d at 1232, this court directed the trial court to redetermine the issue of child support abatement. We did not instruct the court that it could not provide for an abatement of support during the month the father had visitation with the child. Instead, we instructed the court that if it allowed an abatement, it must explain why. 656 So.2d at 1232. The trial court’s “Order on Remand,” however, disallowed the abatement and reduced the father’s monthly child support obligation, apparently by agreement of the parties. Neither party appealed from that order. Then, when the mother attempted to enforce payment of the father’s past due child support for the month of July 1994, the father moved the court, pursuant to Rule 60(b), to amend its order because, due to mistake or inadvertence, the father argued, the order had not addressed the issue whether the past due child support for July 1994 had been abated or modified.
We hold that the child support payment of $641 due in July 1994 was not subject to amendment or modification because, as a past due child support obligation, it was an unmodifiable final judgment.
“The law in Alabama regarding past due installments of child support is well established. Past due installments of child sup *637 port are final judgments which may be collected as any other judgment. Motley v. Motley, 505 So.2d 1228 (Ala.Civ.App.1986). As such, a trial court may not modify, release, or discharge the obligor of past due support once the obligation matures and becomes final under the original divorce judgment. Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App.1989).”
State ex rel. Brown v. Handley, 628 So.2d 726, 727 (Ala.Civ.App.1993). The trial court’s “Order on Remand” (which apparently incorporated the parties’ agreement to reduce child support in lieu of disallowing an abatement during visitation) operated prospectively only. The child support payment due in July 1994 was not subject to change, because it was already past due at the time of this court’s opinion on March 17, 1995, and the trial court’s “Order on Remand” on May 24, 1995.
The trial court’s order granting the father’s Rule 60(b) motion, staying the garnishment, and purporting to amend the father’s past due child support obligation for July 1994, is reversed and the cause is remanded for proceedings consistent with this opinion. Both parties have requested an attorney fee on appeal. Both requests are denied.
REVERSED AND REMANDED.
THIGPEN, J., concurs.
MONROE, J., concurs in the result.
ROBERTSON, P.J., and YATES, J., dissent.