After 17 years of marriage, Daniel O. Wilkerson (the "husband") sued Karen E. Wilkerson (the "wife") for divorce. The trial court refused to adopt the parties' agreement and entered a final judgment of divorce based on a proceeding at which ore tenus evidence was presented. The husband appeals. We affirm.
On the day this case was originally set for trial, the parties appeared and attempted to settle the case by entering into a "memorandum agreement" (the "agreement"). The agreement gave custody of the parties' 16-year-old daughter to the husband; relieved *Page 236 
the wife of paying child support; waived the wife's right to periodic alimony; set $7,500 as alimony in gross, payable to the wife at $250 per month; and gave the husband title to the marital home. The parties intended to prepare, based on the agreement, a final judgment of divorce to be presented to the court.
A week after the agreement was executed, the wife filed a motion to set aside the agreement. Several weeks later, however, she made an oral motion to withdraw her motion to set aside; the trial court granted that motion. Several months later at a status conference, the trial court, on its own motion, set aside the agreement and set the case for trial. At the beginning of the trial, the trial court explained that it refused to approve the agreement because the agreement deviated from the child support guidelines by failing to provide for child support.
The trial court entered a final judgment of divorce, which, among other things, awarded custody of the daughter to the husband; awarded reasonable visitation to the wife; required the wife to pay $471 per month in child support; required the husband to provide health insurance for the daughter; and required the husband to maintain his present life insurance policy naming the daughter as irrevocable beneficiary. It also required the husband to pay $8,750 to the wife as alimony in gross, payable in monthly installments of $350 for 25 months, and reserved jurisdiction for a possible future award of periodic alimony. The judgment gave the husband possession of the marital home until the daughter reaches the age of majority, marries, becomes self-supporting, or dies, or until he remarries, dies, or no longer uses the residence as the principal residence for him and the daughter, at which time it is to be sold, and the proceeds divided, so that the wife receives 35% and the husband 65%. The judgment also divided the parties' savings account, awarding the husband $11,000 and the wife $6,000, and it awarded the wife her retirement account of $65,000 and the husband his retirement account of $16,000.
The husband contends that the trial court erred in setting aside the agreement and in the division of the marital property.
 I. Deviation from Child Support Guidelines
The husband argues that the trial court should have approved the agreement despite the fact that it did not comply with Rule 32, Ala. R. Jud. Admin. He argues that deviations from the guidelines are permitted and that the deviation in this case should have been allowed by the trial court. While it is true that Rule 32(A)(1), Ala. R. Jud. Admin., allows for approval of a deviation from the guidelines in certain circumstances, Rule 32(A)(2) requires that a stipulation regarding child support be presented to the court for review before approval of the deviation. When the trial court reviews the stipulation it must be satisfied that the deviation from the guidelines is justified. Rule 32(A)(1).
We agree with the husband that "there is a strong policy of law favoring compromises and settlement of litigation, especially in suits involving families, since the honor and peace of the family is often at stake," Porter v. Porter,441 So.2d 921, 923 (Ala.Civ.App. 1983), but that policy is tempered by the principle that an attempted agreement to waive child support is a nullity and has no effect. Grimes v. Woolman,595 So.2d 504 (Ala.Civ.App. 1992), and Mann v. Mann,550 So.2d 1028 (Ala.Civ.App. 1989). The right of a child to support is inherent and cannot be waived. Ex parte University ofSouth Alabama, 541 So.2d 535 (Ala. 1989). In reversing a judgment that deviated from the guidelines, this court stated: "[I]n Alabama, a child's right to receive child support is so basic that that right must be maintained separately and distinctly from the right a parent might have to a property settlement in a divorce action." Schlick v. Schlick,678 So.2d 1176, 1178 (Ala.Civ.App. 1996).
There was no evidence that would support a finding by the trial court that a deviation from the guidelines in this case would be justified. The wife has sufficient income to pay child support.
 "The record reflects that the [wife] has the normal expenses of the average person and does not have extraordinary expenses that would impair her ability to pay child support. Therefore, we hold that it would not *Page 237 
be manifestly unjust or inequitable to award child support in conformity with Rule 32 [Ala. R. Jud. Admin.]."
Bennett v. Brainard, 623 So.2d 340, 341
(Ala.Civ.App. 1993). Without any evidence of extraordinary circumstances or expenses that would make payment of child support a hardship on the wife, the trial court could not have found that application of the guidelines would be unjust or inappropriate. Accordingly, the trial court did not abuse its discretion in setting aside the parties' agreement.
 II. Division of Marital Property
The husband contends that the division of the marital property was erroneous because the wife admitted to a long-term adulterous affair with her former husband.
 "A trial judge does not have to grant a divorce on the grounds of adultery or to divide the property in light of one party's adultery unless the failure to do so would be palpably wrong in light of extensive evidence of adultery. However, a trial judge cannot choose to ignore any and all evidence of adultery just because he does not like that particular ground for granting a divorce."
Ex parte O'Daniel, 515 So.2d 1250, 1253 (Ala. 1987). In O'Daniel, our supreme court reversed the trial court's judgment for reconsideration in light of the evidence of adultery; however, the court noted that on remand the trial court was bound only to consider the evidence and not to reach a certain result because of that evidence.O'Daniel, 515 So.2d at 1253. As always,
 "[t]he factors that the trial court considers in making a property division include each spouse's earning ability, age, health, and conduct, and the length of the marriage. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App. 1994). A property division does not have to be equal in order to be equitable. Sketo v. Sketo, 608 So.2d 759
(Ala.Civ.App. 1992)."
Lentz v. Lentz, 660 So.2d 1012, 1013 (Ala.Civ.App. 1995).
The wife is 51 years old and admitted that she could retire in three years with 25 years of service; however, she stated that if she retired in three years she would receive retirement benefits equal to only 50% of her present salary and not full retirement benefits. The wife's annual gross income is approximately $40,000. The husband's regular annual gross income is approximately $58,000, and his annual bonus averages approximately $20,000. During the marriage, they deposited their paychecks in a joint banking account for payment of household expenses. They both contributed to the purchase of the marital home with funds from the sale of homes they owned before this marriage. The wife suffers from several medical conditions for which she takes medication, including fibromyalgia, a form of arthritis of the muscles and tendons; migraine headaches; diverticulitis; mitral valve prolapse; and sinus and allergy problems. Despite her health problems, the wife is able to work and function.
The wife testified that she and the husband had marital difficulties early in their marriage. The wife testified that she unsuccessfully attempted to save her marriage by requesting the husband to stop receiving frequent telephone calls from his former wife. She testified that she also requested that he stop allowing his family to control him; she testified that his family's interference caused constant turmoil between her and the husband. She also testified that the husband sent his former wife a valuable purse and wallet at the time he filed for divorce.
The wife testified that the husband frequently violated the court's pendente lite order regarding designation of living space in the marital home. She further testified that, she had to call the police because of his behavior. She testified that, after several of her valuable items disappeared from the marital home, the husband told her to report a burglary to the police. She testified that, he told the daughter that the wife could claim $10,000 from their insurance company for the "stolen" items. According to the wife, the items later reappeared.
In light of the wife's testimony of the husband's behavior, the trial court could have found that the husband's misconduct also contributed to the parties' divorce. The husband's misconduct could have mitigated the wife's misconduct, thus tempering the trial court's division of the parties' marital property. *Page 238 
Because the percentage of the proceeds from the sale of the marital home awarded the wife was approximately one-half of the percentage awarded to the husband and because of the absence of an award of periodic alimony, the husband has failed to convince us that the trial court did not consider the wife's misconduct in arriving at the division of marital property.
 III. Alimony
Considering the facts discussed above, we conclude that the award of $8,750 as alimony in gross and the reservation of the right to later consider periodic alimony are not error.
 "The divorce judgment does not contain a finding of adultery, although, even if the trial court had found the wife guilty of adultery, that finding alone would not prohibit an award of alimony. The trial court may consider other factors in making its award."
Gibbs v. Gibbs, 653 So.2d 300, 302 (Ala.Civ.App. 1994).
The appellee's request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.