Kelly M. Stewart and Michael Lee Stewart were divorced in December 1998. The divorce judgment provided that the husband would pay the wife $500 monthly child support. In November 1999, the wife and the husband jointly petitioned to increase the child-support amount to $800 *Page 485 
per month. The trial court increased the child support to $800 per month. The wife filed a postjudgment motion, requesting that the trial court set child support at $1,162.50 per month, the amount that complies with Rule 32, Ala. R. Jud. Admin., child-support guidelines. The trial court denied the postjudgment motion, and the wife appeals.
The wife argues that the trial court erred by setting child support at an amount less than that required by the guidelines. The evidence is undisputed that the child-support amount required by the guidelines is $1,162.50. The trial court stated in its judgment that it was not complying with the child-support guidelines because the husband and the wife "entered into a fair, written agreement establishing the amount of child support awarded therein."
Rule 32(A)(1) allows for approval of a deviation from the guidelines in certain circumstances. "There is a strong policy of law favoring compromises and settlements of litigation, especially in suits involving families, since the honor and peace of the family is often at stake." Porter v. Porter,441 So.2d 921, 923 (Ala.Civ.App. 1993). However, that policy is tempered by the principle that any waiver of child support is a nullity and has no effect. Grimes v. Woolman, 595 So.2d 504 (Ala.Civ.App. 1992); Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App. 1989). The right of a child to support from both parents is inherent and cannot be waived. Ex parte University of South Alabama,541 So.2d 535 (Ala. 1989). In reversing a trial court's order deviating from the child-support guidelines, this court stated:
 "[I]n Alabama, a child's right to receive child support is so basic that that right must be maintained separately and distinctly from the right a parent might have to a property settlement in a divorce action."
Schlick v. Schlick, 678 So.2d 1176, 1178 (Ala.Civ.App. 1996).
We conclude that the reason that the trial court gave for deviating from the child-support guidelines — that the husband and wife had agreed to a lesser amount — is an insufficient reason, as a matter of law, to support such a deviation. See Wilkerson v. Wilkerson, 719 So.2d 235
(Ala.Civ.App. 1998) (rejecting the husband's argument on appeal that the fact that he and the wife had agreed on an amount of child support that did not comply with the guidelines was a sufficient reason for the trial court to deviate from the guidelines).
The judgment of the trial court is reversed and the cause is remanded for the trial court to either establish a child-support amount that complies with Rule 32 or state a sufficient reason to support the deviation from the Rule 32 child-support guidelines.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Monroe and Thompson, JJ., concur.
Robertson, P.J., and Yates, J., dissent.