PITTMAN, Judge.
The plaintiff Barbara Miller, attorney at law, appeals from an order denying her attempt to enforce a garnishment.
Miller represented Josephine Atkinson in a child-custody and support matter. Josephine signed an employment contract and an “assignment of agreement,” whereby all moneys due to Josephine from her ex-husband, Dwight Atkinson, were assigned to Miller for payment of her attorney fees. This assignment included the child-support payments Dwight was ordered to make. After Josephine had made some payments to Miller, she moved out of state and never sent another payment to Miller. Miller sued Josephine and received a default judgment in the small claims court. Miller then filed a garnishment, listing Dwight as the garnishee, to reach the support payments he owed Josephine each month. Dwight answered the garnishment, attaching an order of the domestic relations court in an earlier proceeding by which that court had denied a request by Miller to enforce an attorney-fee lien against the child-support payments from Dwight to Josephine. Miller moved the small claims court to enforce the garnishment; the court ruled against her and then later denied her motion to alter, amend, or vacate its judgment. Miller then appealed to the circuit court, which held a hearing on the garnishment Miller had *800 filed. The trial court denied Miller’s process of garnishment, and in its order it referenced Grimes v. Woolman, 595 So.2d 504 (Ala.Civ.App.1992), for the proposition that the legal and moral requirements of child-support payments are not diminished by the legal debts of the parents. Miller appeals from that order of the trial court.
Miller presents three issues on appeal: (1) whether the trial court erred in not ordering Dwight to pay the child-support moneys into the court pending a final hearing on the garnishment; (2) whether child support is exempt from garnishment; and (3) whether the child support assigned to Miller by the custodial parent (Josephine) may be garnished to pay attorney fees. We start by answering the last question first, because the assignment in question is the basis for the action by Miller, the subsequent default judgment, and all of the postjudgment collection activities previously addressed. It has long been the law in Alabama that the right of a child to receive support from its parents is inherent and cannot be waived by the parents, even by agreement. See Wilkerson v. Wilkerson, 719 So.2d 235, (Ala.Civ.App.1998); State Dep’t of Human Res. v. Nathan, 655 So.2d 1044 (Ala.Civ.App.1995); Grimes, supra; and Willis v. Levesque, 402 So.2d 1003 (Ala.Civ.App.1981). This alone would be sufficient to uphold the trial court’s judgment. A waiver, though different from an assignment, would have the same effect as to the support money, and is therefore equally objectionable. But in addition to the proposition above, we have long held that an attempted agreement to waive support is a nullity and has no effect. See Grimes, supra; Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App.1989); and Oakes v. Cummings, 47 Ala.App. 327, 253 So.2d 784 (1971). Therefore, we hold that the original assignment, which was the basis for the subsequent default judgment and the related post-judgment collection activities, is null and void. In so doing we affirm the judgment of the trial court.
AFFIRMED.
YATES, P.J., and THOMPSON and MURDOCK, JJ., concur.
CRAWLEY, J., concurs in the result.