EDWARD N. SCRUGGS, Retired Circuit Judge.
This case concerns a post-divorce judgment which was rendered as tó a house mortgage indebtedness which the husband was required to pay by the original divorce judgment.
The parties were divorced on October 22, 1979. Their separation agreement was ratified by the trial court. The settlement contract, in pertinent part, provided as follows:
“1. The wife shall have the three (3) lots, house and trailer, including the furnishings in both... .
“2. It is mutually agreed that the husband will pay the indebtedness owed on the house.”
The husband promptly conveyed the real estate to the wife. The house was destroyed by fire on December 17, 1979. It was stipulated that, until the fire, the husband had made all payments required by the divorce judgment.
A copy of the mortgage was not introduced at the trial. The divorce judgment did not require the husband to provide a fire policy upon the wife’s house. The house was insured prior to the divorce, the annual premium being $294. The husband testified that he paid the premiums due upon the fire policy. As evidence, he introduced two cancelled checks, one of which was dated December 10, 1979 for $172 as payment of the premium balance as reflected by a statement which was received from the insurance agency. The wife testified that, in the month preceding the fire, she made a payment upon the fire policy in an unascertained amount. The trial court found in its judgment that the wife had not insured the property, but that the husband had done so and that he had paid a premium in the amount of $172 for such insurance.
For the destruction of the house by fire; the insurance carrier issued its check which was jointly payable to the wife and to the mortgagee in the amount of $21,732.04. From those proceeds, the mortgagee received $7,379.25, which was the total indebtedness due against the house, and the wife obtained $14,352.79.
No payments were made by the husband upon the mortgage debt after the house fire. In January, 1982, the wife filed her motion that the husband be held in contempt of court for his failure to make the mortgage payments which she alleged that she paid in full. After hearing the evidence, which has been heretofore summarized, the trial court observed that the primary question was whether the husband had performed his obligation as imposed by the separation agreement. By its judgment the trial court ascertained that the husband was not in contempt of court, but a judgment was entered in favor of the wife and against the husband for $7,246.82. The husband appeals.
The agreement of the parties required the husband to pay the indebtedness owed *603 upon the house. Such payment was effected by means of the fire policy which the trial court ascertained had been provided by the husband and not by the wife. There was no evidence of any duty which had been imposed upon the husband to furnish such a fire policy. Undoubtedly, one of the primary reasons for the husband’s providing the fire insurance was, in the event of a fire to the house, to assure the payment of his obligation as to the house mortgage indebtedness. It makes no difference that the mortgage was satisfied by the insurance payment from the policy so furnished by the husband for, under the circumstances, payment by the insurer to the mortgagee was the legal equivalent of the husband’s satisfaction of that debt. Under the conditions and status of this case, when the policy proceeds paid the full amount due upon the home mortgage, the debt was satisfied and the husband’s responsibility under the separation agreement to make further payments on that indebtedness ceased. Here, payment of the mortgage in full by the insurance proceeds under the policy so furnished by the husband completely fulfilled the husband’s obligation to pay the house indebtedness.
While separation agreements and divorce judgments may be so drafted as to authorize the result as reached by the learned trial court, under the evidence here presented, the contract of the parties in this case may not be so construed. We reverse and remand.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.