In re Johnie Bryan **TOWNSEND**, Debtor.

Johnie Bryan **TOWNSEND**, Plaintiff,

v.

Sherrie Buford **TOWNSEND** and J. Jerry Pilgrim, Defendants.

Bankruptcy No. 90–02580.
Adv. P. No. 91–0184.

United States Bankruptcy Court, S.D. Alabama.

March 6, 1992.

Edward R. Tibbetts, Mobile, AL, for debtor.

Gary P. Alidor, Mobile, AL, for Sherry Buford Townsend and J. Jerry Pilgrim.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the complaint of the Debtor, Johnie Bryan Townsend, to determine the dischargeability of indebtedness to Sherrie Buford Townsend and her attorney, J. Jerry Pilgrim, pursuant to 11 U.S.C. § 523(a)(5). Appearing before the Court were Edward R. Tibbets, attorney for the debtor; Gary P. Alidor, attorney for Sherry Buford Townsend; and J. Jerry Pilgrim. After due deliberation on the pleadings and arguments of counsel, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Johnie Bryan Townsend ("the debtor") and Sherrie Buford Townsend ("Townsend") were married on March 14, 1986. On November 8, 1990, Townsend filed a complaint for divorce. While the divorce proceeding was pending, the debtor filed a chapter 7 bankruptcy petition on December 18, 1990. A divorce decree was issued on March 1, 1991, ordering the debtor to pay periodic alimony in the amount of $350.00 per month for five (5) years and attorney's fees in the amount of $500.00 to Townsend's attorney, J. Jerry Pilgrim ("Pilgrim").

At the time of the divorce, the debtor was employed as a front end mechanic and earned approximately $18,000.00 annually in wages and income as a member of the

National Guard. Townsend was employed at Fernwood Nurseries and earned $3.80 per hour. Townsend suffers from a chemical imbalance and nervous condition and is undergoing medical treatments. The debtor paid Townsend $25.00 per week in maintenance and support after the debtor moved out of the trailer he shared with Townsend. These payments, however, did not cover her medical bills or living expenses and, as a result, Townsend was forced to borrow money from family and friends and seek assistance from the food stamp program for her sustenance.

### CONCLUSIONS OF LAW

The issue before the Court is whether the pending complaint for divorce and subsequent divorce decree constitute a claim within the jurisdiction of the bankruptcy court. If jurisdiction exists, the next question is whether the provisions of the decree, namely the periodic alimony payments, are dischargeable. Traditionally, domestic relations is within the domain of state courts. See *Barber v. Barber*, 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1859). Bankruptcy Courts, however, have endeavored to determine the proper balance between domestic relations, which is clearly a state governed issue, and the status of alimony, maintenance and support claims against the bankruptcy estate which are subject to federal bankruptcy laws.

■ The timing of the divorce decree and the filing of the bankruptcy petition in this case create a unique circumstance. Under 11 U.S.C. § 523(a)(5), periodic alimony to a spouse or former spouse is nondischargeable if the payment is made for the recipient's maintenance or support. Alimony in gross, which is in the form of a property settlement, is fully dischargeable. *In re Harrell*, 754 F.2d 902 (11th Cir.1985). The issue of whether provisions of a post-petition divorce decree constitute a claim against the bankruptcy estate has not been directly addressed.

■ The bankruptcy court's jurisdiction includes all cases under title 11, United States Code ("the Bankruptcy Code"), and all core proceedings arising under title 11. 28 U.S.C. § 157(b)(1). Core proceedings include the allowance or disallowance of claims against the estate, determinations as to the dischargeability of particular debts and objections to discharges. Section 157(b)(2) is not limiting in the scope of a bankruptcy court's jurisdiction of core proceedings.

The Bankruptcy Code defines a "claim" as:

(4)(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

11 U.S.C. § 101(4). The legislative history behind this section describes a claim as having the broadest possible definition and notes the Bankruptcy Code "contemplates that all legal obligations of the debtor ... will be dealt with in a bankruptcy case." *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990) (quoting H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 309 reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6266. Whether an alimony claim continues as an obligation of the debtor or is dischargeable impacts the entire estate and the debtor's ability to receive a fresh start.[1] Because the allow-

---

1. One of the primary purposes of the Bankruptcy Code is to "relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." *Williams v. U.S. Fidelity & Guaranty Co.*, 236 U.S. 549, 554–55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915). The fresh start policy is not without exception. Certain debts, such as the rights of spouses to alimony, maintenance and support under 11 U.S.C. § 523(a)(5) are excluded from discharge. This provision indicates the preference to protect the rights of spouses over the debtor's right to a fresh start. *In re Gianakas*, 917 F.2d 759, 761 (3rd Cir.1990).

ance or disallowance of a claim impacts the debtor and his entire estate, such determination is a core proceeding within the jurisdiction of the bankruptcy court.

 The controlling provision for the discharge of domestic obligations in the event of bankruptcy is 11 U.S.C. § 523(a)(5). Section 523(a)(5) provides that a discharge will not be granted from any debt:

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

.    .    .    .    .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually **in the nature of** alimony, maintenance, or support;

11 U.S.C. § 523(a)(5) (emphasis added). Alabama recognizes to forms of alimony payable to a spouse: **periodic** and **in gross.** Periodic alimony provides a method for a spouse's maintenance and support while alimony in gross is a form of property settlement paid either in a lump sum or fixed installments of a specific sum. *See Mullins v. Mullins*, 475 So.2d 578 (Ala.Civ.App. 1985); *Carnaggio v. Carnaggio*, 475 So.2d 861 (Ala.Civ.App.1985). Periodic alimony for the spouse's maintenance and support is nondischargeable in bankruptcy. Alimony in gross, which serves as a property settlement, is fully dischargeable. When determining whether § 523(a)(5) applies to render a debt nondischargeable, a bankruptcy court must do nothing more than determine "whether the support label accurately reflects that the obligation at issue is 'actually in the nature of alimony, maintenance or support.'" *In re Harrell*, 754 F.2d 902, 906 (11th Cir.1985) (emphasis added).

 In the instant case, the Circuit Court of Mobile County, Alabama awarded Townsend $350.00 a month in periodic ali-

mony. It is not this Court's duty or function to second guess the circuit court's labeling of payments as periodic alimony, which are not dischargeable. Instead, the bankruptcy court must look to the substance of the payment and be satisfied that the periodic alimony payments are for Townsend's maintenance and support. The Court is satisfied that while the terms and duration of the alimony payments are fixed, which is indicative of alimony in gross, the nature of the payments is rehabilitative and in the nature of maintenance and support. The payments will provide Townsend the ability to meet immediate living expenses necessary to reestablish herself in the community and are nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

 An award of attorney's fees is essential to a spouse's ability to sue or defend a matrimonial action and, thus, necessary. See *In re Nunnally*, 506 F.2d 1024 (5th Cir.1975); *In re Spong*, 661 F.2d 6, 9 (2nd Cir.1981); *In re Borzillo*, 130 B.R. 438 (Bankr.E.D.Pa.1991). The $500.00 attorney fee owed to Pilgrim is in the nature of alimony and is a nondischargeable debt.