YATES, Judge.
This case has been before this court previously regarding whether the trial court abused its discretion in awarding the wife $200,000 as alimony in gross and an attorney’s fee of $25,000. We held it did not and affirmed the trial court’s judgment. Grimsley v. Grimsley, 586 So.2d 20 (Ala.Civ.App. 1991).
Pending that appeal, the parties entered into a joint motion to stay execution of the judgment and filed it with the trial court on January 2, 1991. The motion in part stated, “5. That the parties are in accord that execution [of] said judgment will be stayed upon the deposit of the $200,00[0].00 alimony in gross and the $25,000.00 attorney fee award in a money market or other interest bearing account in the First Alabama B[a]nk.” The joint motion further stated:
“9. The parties agree that out of the aforesaid $200,000.00 on deposit in the First Alabama Bank account that the notes will be brought current an[d] that the succeeding house note may be paid out of said account until the appellate process is complete and the judgment finalized.”
The trial court granted the stay of execution on January 2, 1991, and the house note payments for the months of October, Novem *432 ber, and December and the succeeding house note payments were to be paid out of the account. After the first appeal, the wife was given the proceeds of the account, plus the interest earned.
The wife, on August 16, 1991, filed a motion for award of interest, requesting the difference between the interest earned and post-judgment interest pursuant to Ala.Code 1975, § 8-8-10. The husband answered and filed a motion to dismiss. He also filed a motion seeking to restrain the sheriffs sale of certain property and asking the trial court to declare the judgment satisfied. The trial court granted the husband’s motion as to restraining the sheriffs sale. On October 21, 1992, the trial court further ordered, in pertinent part, the following:
“[T]he Court finds that the amount due the Plaintiff is $200,000.00 plus any interest received from the First Alabama Bank.
The Court further finds that the judgment of $200,000.00 plus the interest earned from the deposit of said money from the First Alabama Bank has been paid, and the Court finds that said payment constitutes a satisfaction of the judgment in full.”
The wife appeals these two post-divorce orders, contending that the interest earned on the First Alabama account was less than that authorized by the applicable statute, which provides that “all other judgments shall bear interest at the rate of 12 percent per annum.” Ala.Code 1975, § 8-8-10.
The issue on appeal is whether the trial court abused its discretion in limiting the interest awarded to the wife on the First Alabama Bank account, thus holding that she had waived the statutory amount. We find that it did.
The ore tenus rule of review does not apply when the evidence is presented by stipulation of the parties. “‘When such is the case, no-weight will be given the decision of the trial judge upon facts but this court must review the evidence de novo and render such judgment as it deems just.’ ” Hurt v. Given, 445 So.2d 549, 550 (Ala.1984) (quoting Prestwood v. Gilbreath, 293 Ala. 379, 384, 304 So.2d 175, 179 (1974)).
The wife argues that she did not agree to waive her statutory right to post-judgment interest; rather, she says that the joint motion of the parties was for the purpose of staying execution, in lieu of a supersedeas bond. The husband contends that the purpose of the said motion was two-fold: (1) to stay execution, in lieu of a supersedeas bond, and (2) to satisfy the judgment.
We find that the “Joint Motion To Stay Execution of Divorce Pending Appeal” did not constitute an accord and satisfaction and thus was not a waiver of the wife’s right to statutory interest on the judgment. Elements which are necessary to establish accord and satisfaction are (1) proper subject matter, (2) competent parties, (3) assent or meeting of the minds, and (4) consideration. Austin v. Cox, 492 So.2d 1021 (Ala.1986). “[Wjhether accord and satisfaction was affirmatively established is dependent upon whether there was an ‘assent or meeting of the minds.’” Id. at 1023. The record is devoid of any evidence of the wife’s intent to settle for the money in the First Alabama Bank account plus interest as full payment. This court cannot look beyond the record, which reflects no intent by the parties for this agreement to be anything more than what it states, “Joint Motion To Stay Execution Of Divorce Pending Appeal.”
The joint motion was signed by both parties’ attorneys and both parties had an opportunity to review the document. Any provision of waiver for statutory interest could have been made by either party at that time. There was no evidence that any attempt to do so was made.
Accordingly, the trial court’s orders of October 2, and October 21, 1992, are reversed. We remand this case to the trial court for entry of an order in favor of the wife for the balance of principal and post-judgment interest due after taking into consideration principal payments and interest earned on the escrow account with First Alabama Bank.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J„ concur.