This is a divorce case.
Following 35 years of marriage, Dyann Lentz filed a complaint for divorce against Gene H. Lentz in July 1993, alleging incompatibility. She requested periodic alimony, alimony in gross, and a division of property. The husband counterclaimed, alleging that the wife had committed adultery and requesting that the court consider the wife's adulterous conduct in making the property division. Following ore tenus proceedings, the trial court divorced the parties on the grounds of incompatibility, made certain property divisions, and awarded the wife $12,000 alimony in gross. The wife filed a post-judgment motion, which the trial court denied. The wife appeals. *Page 1013 
The wife argues on appeal whether the trial court abused its discretion in its division of property and in its failure to award periodic alimony.
When evidence is presented ore tenus in a divorce case, the judgment of the trial court is presumed correct, and this court will not reverse absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). The issues of periodic alimony and the division of property are within the discretion of the trial court. Id.
Absent a showing of an abuse of discretion, the trial court's judgment regarding these issues will not be reversed. Id.
The wife first argues that the trial court's judgment, which awarded her over $200,000 in marital assets, but no periodic alimony, was an abuse of discretion. The factors that the trial court considers in making a property division include each spouse's earning ability, age, health, and conduct, and the length of the marriage. Welch v. Welch, 636 So.2d 464
(Ala.Civ.App. 1994). A property division does not have to be equal in order to be equitable. Sketo v. Sketo, 608 So.2d 759
(Ala.Civ.App. 1992).
The wife argues that the trial court made an inequitable division of property. She contends that the trial court placed undue emphasis on her admitted instances of adultery. The husband and the wife presented conflicting testimony regarding their conduct. The wife testified that the marital problems arose from the husband's dominance and refusal to involve the wife in their financial and personal decisions. She testified that the husband felt intellectually superior to her. The husband testified that he did not know of any marital problems, other than her affairs in the early years of their marriage, until she filed for divorce. The record reveals that the wife did not wear her wedding ring for 10 years and that she told her husband the ring irritated her knuckles. She testified that she took the ring off once she decided the marriage was over. The wife testified that she would not consider seeing a marriage counselor, because she did not consider the marriage worth saving.
The wife received over $200,000 in unencumbered assets, and she contends that the husband received over $2 million in assets. The husband and the wife presented conflicting evidence regarding the value of apartment buildings which they owned and which were a substantial portion of the marital assets. The husband also presented evidence regarding the substantial tax liabilities and mortgage debt that affect the value of the property he received. Our review of the entire record does not reveal that the trial court erred in its property division.
The wife further argues that the trial court abused its discretion in denying her periodic alimony. The purpose of periodic alimony is to preserve the status the parties enjoyed during the marriage. Grimsley v. Grimsley, 625 So.2d 431
(Ala.Civ.App. 1993). Although the wife did not work outside the home after she had children, the wife performed a variety of managerial and maintenance duties in regard to the apartments she and her husband owned. The wife's experience provides her with some employable skills. The wife received a substantial property settlement, including a large amount of liquid assets. A property division and an award of periodic alimony are considered together to determine whether the divorce judgment is equitable. Parrish v. Parrish, 617 So.2d 1036
(Ala.Civ.App. 1993). The trial court is also allowed to consider the conduct of the parties in determining if it will award periodic alimony. Grimsley, supra. Because of the ample property settlement the wife received, and the fact that the wife's conduct contributed to the divorce, we find no error in the trial court's decision to not award the wife periodic alimony.
Therefore, the trial court's judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES and MONROE, JJ., concur. *Page 1014