This is a divorce case.
Vernon Joseph Anderson, the husband, and Veronika Kukolj Anderson, the wife, were divorced on October 8, 1991. The divorce *Page 322 
judgment ordered the husband to make payments on the automobile awarded to the wife. The husband was additionally ordered to pay $350 monthly periodic alimony until the wife remarries or until further order of the court. The judgment also ordered the husband to pay $583.29 for pendente lite support arrearage, and $350 for the wife's attorney's fee. The judgment ordered that the husband would be responsible for the expenses for the wife's medical treatment for varicose veins in the event the wife was unable to receive such treatment from the Army.
The record indicates that the husband paid the wife $350 in October and November 1991 and January 1992, and $250 in December 1991. He has made no payments since January 1992, when he was released from the United States Army.
On December 19, 1991, the wife filed a petition for a rule nisi and to have the husband found in contempt, alleging that the husband had not paid all of the amounts as ordered in the divorce judgment. The record indicates that, on May 19, 1992, the husband's debts were discharged in a Chapter 7 bankruptcy proceeding. The discharge order specifically excluded those debts that are nondischargeable in bankruptcy. On July 30, 1992, the wife filed a motion for a default on the rule nisi petition based on the husband's failure to answer or defend the action. On August 29, 1992, the trial court entered a default judgment holding the husband in contempt and ordering him to pay alimony arrearage to the wife.
On October 27, 1994, the husband filed a motion to stay execution of the default judgment entered on October 29, 1992. He asserted that judgment was void because, he claimed, he did not receive service of the contempt petition. He also asserted that the judgment was void because of the order of discharge entered in the bankruptcy proceeding. The trial court set the motion for a hearing to determine "whether . . . any portion of the judgment of October 8, 1991, should be modified as a result of the bankruptcy of the husband," whether the husband should be held in contempt, and what amount of arrearage was owed by the husband. After several continuances, the trial court conducted a hearing on March 28, 1996. On April 17, the trial court entered a judgment in which it ordered the husband to pay $9,100 for the periodic alimony arrearage incurred from February 1994 to March 30, 1996, plus $583.29 for the pendente lite support arrearage. The trial court held that the indebtedness for the automobile payments and automobile insurance payments were discharged in bankruptcy, and that the husband is not liable for the expenses for the wife's varicose veins. The wife appeals from this judgment.
Although the wife appeals from the judgment of April 17, 1996, she first argues that the trial court erred in refusing to enforce its default judgment of October 29, 1992. She argues that the husband was not entitled to relief from judgment under Rule 60(b), Ala. R. Civ. P. Rule 60(b) provides in pertinent part:
 "On motion and upon such terms as are legal and just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."
We note that relief pursuant to Rule 60(b) is an extreme remedy that is available only in extraordinary circumstances.Clemons v. Clemons, 656 So.2d 831 (Ala.Civ.App. 1994).
The standard of review of a ruling on a Rule 60(b)(4) motion is not whether there has been an abuse of discretion. "When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside." Satterfield v. Winston Industries, Inc.,553 So.2d 61, 64 (Ala. 1989). "A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process." Id. at 64. See also, Heard v. State, *Page 323 607 So.2d 260 (Ala.Civ.App. 1992). An order either granting or denying relief under Rule 60(b)(5) or (6) is within the discretion of the trial court, and its decision will not be reversed absent an abuse of that discretion. Pollard v. Etowah County Comm'n,539 So.2d 225 (Ala. 1989). Rule 60(b)(5) applies only when "new facts or new law arises after the original judgment is entered, rendering prospective application of the judgment inequitable."Id. at 228; Satterfield, supra, at 63.
The trial court's order did not expressly relieve the husband of the default judgment, but rather recomputed the sums owed to the wife pursuant to the divorce judgment in light of the discharge in bankruptcy. We believe that the trial court properly granted this relief. This court will affirm the judgment of the trial court if it is supported by any valid legal ground. Slawson v. Alabama Forestry Comm'n, 631 So.2d 953
(Ala. 1994). The trial court's judgment is proper under Rule 60(b)(4) because portions of the original judgment had been discharged by the federal bankruptcy court. Furthermore, as required by Rule 60(b)(5), new facts had arisen, i.e., the discharge in bankruptcy, which "vacated" portions of the divorce judgment upon which the default judgment was based, rendering enforcement of the default judgment inequitable. Additionally, the discharge of a portion of the debts constitutes "extraordinary circumstances" justifying Rule 60(b)(6) relief from the judgment. Pollard, supra, at 228. Thus, the trial court did not err or abuse its discretion by not enforcing the default judgment.
The wife next argues that the trial court erred in only requiring the husband to pay arrearage for the unpaid periodic alimony from February 1992 until February 1994. The trial court's judgment expressly stated that the husband owed the wife "$9,100 arrearage in periodic alimony from February 1994 to March 30, 1996." The evidence is undisputed that the husband has not paid alimony since January 1992. The testimony indicated that the wife lived with the husband's parents from February 1992 until possibly as late as February 1994, although the wife stated that she did not think that she lived with them for longer than one year. The wife testified that, during the time that she lived with the husband's parents, they helped her financially. It appears that the trial court may have considered the husband's obligation to support the wife suspended during the time that she lived with his parents, as the order reflects that it calculated arrearage beginning in February 1994.
Alimony arrearage is a final judgment as of the date due and is not subject to modification. Harris v. Harris, 553 So.2d 129
(Ala.Civ.App. 1989). In some instances alimony obligations can be satisfied by means other than direct payment from the husband to the wife. See, Swindle v. Swindle, 429 So.2d 601
(Ala.Civ.App. 1983) (holding that obligation to pay mortgage on home was satisfied by payment of fire insurance proceeds where husband maintained fire insurance policy); Frazier v.Frazier, 455 So.2d 883 (Ala.Civ.App. 1984) (holding that alimony obligation was discharged by Social Security payments received by the wife). An alimony obligation may also be waived by the recipient spouse, Oliver v. Oliver, 431 So.2d 1271
(Ala.Civ.App. 1983), and may be satisfied when the elements of accord and satisfaction are met. Grimsley v. Grimsley,625 So.2d 431 (Ala.Civ.App. 1993). The elements required to establish an accord and satisfaction are: 1) proper subject matter, 2) competent parties, 3) assent or meeting of the minds, and 4) consideration. Id. at 432. "[W]hether accord and satisfaction is affirmatively established is dependent upon whether there was an 'assent or meeting of the minds.' " Id.
(citing, Austin v. Cox, 492 So.2d 1021, 1023 (Ala. 1986)).
No evidence in the record indicates that the parties agreed that the wife would live with the husband's parents in lieu of receiving periodic alimony. Nor is there any evidence that the wife received money for support from any other source, other than loans from the husband's parents, which she testified that she repaid. Because the trial court's decision to discharge the husband's alimony obligation from February 1992 until February 1994 is not supported by the evidence, we must conclude that the trial court *Page 324 
abused its discretion in failing to enforce the total periodic alimony arrearage due. Therefore, that portion of the trial court's judgment ordering payment of alimony arrearage is reversed and the cause is remanded for computation of the total amount of arrearage due pursuant to the original divorce judgment.
The wife also argues that the trial court erred in determining that certain of the husband's debts were discharged in bankruptcy. Specifically, the wife argues that the trial court improperly ruled that "[t]he indebtedness the husband was to pay on the automobile was discharged in bankruptcy." This ruling refers to the trial court's previous ruling of October 1991, in which it ordered as follows:
 "That all right, title and interest in and to the 1991 Nissan Sentra automobile is hereby vested in the wife and divested out of the husband and the husband shall be responsible for making the monthly payments on the car of $255.59, plus $69.00 as periodic alimony until the car is paid for."
It appears that the additional monthly payment of $69.00 was intended for the purchase of car insurance. It is undisputed that the husband failed to provide the automobile payments and that, as a result, it was repossessed.
The record reflects that in December 1991, the husband filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. This Chapter 13 petition was converted to a Chapter 7 petition in February 1992. On May 19, 1992, the United States Bankruptcy Court for the Middle District of Alabama discharged the husband from personal liability from all debts incurred before February 3, 1992, with the exception of debts determined nondischargeable by the bankruptcy court pursuant to 11 U.S.C. § 523(a)(2), (4), and (6) and debts that are nondischargeable pursuant to 11 U.S.C. § 523(a)(1), (3), (5), (7), (8), and (9).
However, on May 8, 1992, before he was discharged from his debts under Chapter 7, the husband had filed a new petition for relief under Chapter 13. The record indicates that the husband acknowledged after his Chapter 7 discharge that he had not been discharged from the alimony he owed the wife, and that the purpose of filing the second Chapter 13 petition was to arrange a plan for fully paying this debt. The record does not indicate whether the husband considered the indebtedness on the automobile to be a nondischarged debt. On September 10, 1992, the husband's Chapter 13 bankruptcy action was dismissed "for failure of the debtor to carry out the terms of his proposal or for other good cause." The bankruptcy trustee's report indicated that the wife was the sole creditor, but that no payments had been made to her and that $40 was the total the husband had paid into the plan.
Indebtedness in the form of periodic alimony is nondischargeable in bankruptcy, but indebtedness in the form of alimony in gross or a property settlement is dischargeable. § 11 U.S.C. § 523(a)(5); In re Townsend, 155 B.R. 235
(Bankr.S.D.Ala. 1992). Thus, if the court's award regarding the wife's car payments constituted a property settlement rather than periodic alimony, the husband was relieved of his liability for this debt through his Chapter 7 discharge.
The court's order of October 1991 labelled the payments as "periodic alimony;" however, the labels provided in a judgment are not controlling on the question of the true nature of the obligation. Matter of Hughes, 16 B.R. 90 (Bankr.N.D.Ala. 1981). In order for an award to constitute a property settlement, the amount and time of payment must be certain and the right to payment must be vested and not subject to modification.11 U.S.C.A. § 727(b); Segers v. Segers, 655 So.2d 1014
(Ala.Civ.App. 1995). The court's October 1991 judgment ordered the husband to pay a specified amount for a fixed time period. It appears that the trial court did not leave these payments open for modification. Therefore, the award of the car payments was dischargeable in bankruptcy; the trial court did not err in ruling that the husband's indebtedness was discharged. See,e.g., In re Hunter, 101 B.R. 294 (Bankr.S.D.Ala. 1989).
Finally, the wife contends that the trial court abused its discretion in ruling that the husband was relieved of his obligation to *Page 325 
pay for the wife's surgery to remove her painful varicose veins. Regarding this provision, the trial court's October 1991 judgment ordered as follows:
 "That in the event the wife has undergone treatment for varicose veins through the Army Medical Service, the husband shall be responsible for the cost of continuing the treatment for one year if the wife cannot continue receiving treatment from the Army."
However, in the judgment on appeal, the trial court ruled that "[t]he husband is not liable for payment of the expenses of the wife's varicose veins."
The undisputed testimony shows that the wife was scheduled to undergo surgery for her varicose veins, and that this surgery was to be provided by the military. The undisputed evidence also shows that the husband located the wife the night before her surgery and took her military identification card from her to prevent her from obtaining the surgery. As a result, the wife has not yet received any medical treatment for her condition. The husband's action constitutes a fraudulent attempt on his part to defeat the judgment and deprive the wife of the medical treatment. See generally Martin v. Terrace,366 So.2d 275 (Ala. 1979). Thus, the trial court abused its discretion in ruling that the husband was not liable for the medical expenses at issue.
We reverse those portions of the trial court's judgment discharging portions of the alimony arrearage and failing to award medical expenses and remand this cause for further proceedings consistent with this opinion. The trial court's judgment is otherwise affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result.