THOMAS, Judge.
Gina Johnson (“the wife”) and Cary Casey Johnson (“the husband”) were married on April 25, 1997. There are three children of the marriage (“the children”). On June 20, 2012, the wife filed a complaint in the Bibb Circuit Court seeking a divorce from the husband. She requested a'division of the assets and debts of the marriage, an award of custody of the children, and awards of - child- support, of alimony, and of attorney fees. That'same day the wife filed a- motion seeking an award of pendente lite support in which she asserted that she had been “a homemaker for the past seven years and [was] not currently employed.” She requested an award of exclusive possession of the marital residence, pendente lite custody of the children, and pendente lite awards of child support, of alimony, and of attorney fees. The husband filed an answer and a counterclaim in which he requested a divorce from the wife, a division of the assets and debts of the marriage, an award of joint custody of the children, and. awards of child support and of attorney fees.
After a pendente lite hearing on August 17, 2012, the circuit court entered a pen-dente lite order on September 11, 2012. Among other" things, the circuit court awarded the parties joint legal custody; however, the circuit court awarded the wife primary physical custody of the children, and it awarded the husband visitation. It ordered the husband to pay $1,069.28 in monthly child support. Additionally, the order reads: “The [husband] agrees to pay the [wife] $436.00 a month for spousal support, pendente lite.”
The record includes various documents that were attached to motions. One document indicates 'that the husband was employed by Sims Bárk, Inc.; however, another document indicates that he was terminated from that employment on December 10, 2012. On January .10, 2013, the husband filed, a motion seeking a reduction of his pendente lite child-support and alimony obligations. No order on the husband’s - motion appears in the record. On September. 12, 2013, the. wife filed a motion in which she asserted that the husband had secured other employment and that he was earning “substantially more money”; the wife requested an increase in pendente lite support. She attached documents indicating that, at some point' before April 6, 2013, the date of his first paycheck,- the husband was hired by Burkes Mechanical, Inc. (“Burkes”).
*167 A hearing was held, and, on November 1, 2013, the circuit court entered an order in which it noted that the wife had failed to appear; however, the circuit court determined from the parties’ documentary submissions that the husband had unilaterally reduced his “support payments” to $170 per month for an undisclosed period and had withdrawn $56,823.44 from a retirement account on January 7, 2013. The circuit court increased the husband’s child-support obligation to $1,180.96 per month and stated: “This Court specifically reserves jurisdiction to adjust the amount of support that the [husband] would owe to the wife for all the months he was working and paying a significantly reduced amount of support at the time of the [entry of the divorce judgment].”
On July 14, 2014, the parties participated in mediation. The husband’s attorney prepared the parties’ settlement agreement (“the settlement agreement”), and, on July 22, . 2014, the parties and their respective attorneys executed the settlement agreement, which is included in the record. In pertinent part, the settlement agreement obligates the husband to pay child support in the monthly amount of $1,180.96 and to pay alimony in gross in the weekly amount of $100 for three years. It does not award the wife periodic alimony, and it does not include any language regarding the alleged pendente lite child-support and alimony arrearages.
On August 11, 2014, the wife filed a handwritten motion seeking an order setting a hearing and alleging that the husband had failed to pay pendente lite alimony and that the pendente lite child-support payments had been routinely late. She further claimed that the husband had falsely asserted that he had used the funds that he had withdrawn from the retirement account to pay marital debts. On August 19, 2014, the husband filed a motion seeking the enforcement of the parties’ settlement agreement. A hearing date was set.
A transcript of an -October. 10, 2014, hearing is included in the record on appeal. The judge, the parties, the parties’ mediator, and the parties’ attorneys participated in a discussion, which, at times, continued off the record.[1]. In essence, the wife attempted to convince the circuit court,, as she had in hey handwritten motion, that the settlement agreement does not include all the terms that had been mediated- and that the mediator had pressured her into signing. the settlement agreement despite the fact that.it does not address the alleged arrearages. The mediator-denied that she had pressured the wife into accepting the settlement agreement, and the wife conceded that she had read and signed the settlement agreement. The circuit court specifically questioned the parties, the mediator, and the parties’ attorneys regarding whether the issue of the alleged arrearages had been a, subject of ¡the mediation. The circuit-court .judge noted that “everybody” had nodded their heads in agreement that the alleged ar-rearages were discussed; however, the record: includes the wife’s oral reply: “But not the back alimony.” The mediator immediately requested to go “off record,” and; when the hearing resumed on the *168 record, the circuit court concluded that the terms of the settlement agreement left it ■with “no choice.” The circuit-court judge stated orally: “I’m going to go forth and see about issuing a decree based on this agreement. You know we’re kinda tied with that. And so that’s what we’ll do. All right. Yeah, my hands are kind of locked on that.” The circuit court indicated that, if arrearages existed, the wife should have addressed the arrearages in the settlement agreement or, in the alternative, by filing a motion seeking a finding of contempt before the mediation occurred.
On October 24, 2014, the circuit court entered a judgment in which it concluded that the execution of the settlement agreement was voluntary and that the parties had mutually agreed to its terms. The judgment contains the circuit court’s findings that no duress, coercion, or mutual mistake had occurred in the negotiation of the settlement agreement and that there existed no fraud, collusion, accident, surprise, or other ground for setting aside the settlement agreement. The circuit court divorced the parties and, pertinent to this appeal, specifically concluded that no ar-rearages existed. It deemed the pendente lite child support and alimony to be current.[2]
On November 21, 2014, the wife filed a postjudgment motion in which she argued, among other things, that the October 24, 2014, judgment does not accurately reflect the terms to which she had agreed in the settlement agreement, that the husband was in arrears in pendente lite child support in the amount of $25,662.72 and in pendente lite alimony in the-amount of $9,600, and that the circuit court had erred by “eliciting testimony from the mediator, both on and off the record,” in violation of Rule 11(c), Alabama Civil Court Mediation Rules. After a hearing at which the circuit court heard arguments of counsel, it entered an order denying the wife’s post-judgment motion on December 16, 2014.
On January 26, 2015, the wife filed a notice of appeal in this court seeking our review of whether the circuit court violated Rule 11 of the Alabama Civil Court Mediation Rules[3] or by failing to award pendente lite child-support and alimony arrearages in the final judgment.
“‘In an ore tenus proceeding before the trial court, “[t]he trial court is in the best position to observe the demeanor of witnesses and to assess their credibility.” Yellow Freight Sys., Inc. v. Green, 612 So.2d 1209, 1211 (Ala.Civ.App.1992). It was the duty of the trial court, as the trier of fact, to resolve any conflicts in the evidence. Harden v. Harden, 418 So.2d 159, 161 (Ala.Civ.App.1982).’
“Petrey v. Petrey, 989 So.2d 1128, 1134 (Ala.Civ.App.2008)_‘ “[T]his court is not permitted to reweigh the evidence on appeal or to substitute its judgment for that of the trial court.’” Schiesz v. Schiesz, 941 So.2d 279, 289 (Ala.Civ.App. *169 2006) (quoting Sellers v. Sellers, 893 So.2d 456, 461 (Ala.Civ.App.2004)).”
Williams v. Harris, 80 So.3d 273, 279 (Ala.Civ.App.2011).
The wife argues that the circuit court’s inquiry into the events that 'took place at the mediation violated the Alabama Civil Court Mediation Rules — specifically the confidentiality requirements of Rule 11(c), Indeed, the Comment to Amendment to Rule 11 Effective June 26, 2002, provides: “Confidentiality is the backbone of mediation. The freedom to discuss issues privately with a mediator and in joint session with another party, without fear of disclosure outside the mediation, allows parties to safely explore potential alternative solutions to the dispute.” However, Rule 11(b)(1) provides the following, exception to prohibited- disclosures: “A mediator or a party to a mediation may disclose information otherwise prohibited from disclosure under this section when the mediator and the parities to the mediation all agree to the disclosure.” Because no one, including the wife, objected to the circuit court’s inquiry into the “facts elicited” at mediation at any point during the October Í0, 2014, hearing, we cannot conclude that the circuit court’s inquiry violated the protections provided by Rule 11.
Next we consider whether the circuit court erred by failing to determine what, if any, pendente lite child-support arrearage was owed by the husband. The circuit court ordered the husband to pay pendente lite child support and alimony on September 11, 2012, and on November 1, 2013, it determined that he had unilaterally reduced his “support payments” to $170 per week for an undisclosed period. Regarding court-ordered child-support payments, it is well settled that
“the issue of arrearage is not subject to settlement between the parties, even where their agreement is sanctioned by the trial court. Court-ordered child support payments become final money judgments on the dates that they accrue s. and are thereafter immune from change or modification. Motley v. Motley, 505 So.2d 1228 (Ala.Civ.App.198[6]). While it is within the discretion of the trial court to modify the amount of child support due in the future, the trial court may not release or discharge child support payments once they have matured . and become due under the original divorce decree. Mann v. Mann, 550 So.2d 1028, (Ala.Civ.App.1989). Further, the. trial court, may not diminish the amount of arrearage shown. Endress v. Jones, 534 So.2d 307 (Ala.Civ.App.1988). At most, the trial court has. discretion only as to the amount of arrearage by giving credit to the obligated parent for money and gifts given to the child, Sutton v. Sutton, 359 So.2d 392 (Ala.Civ.App.1978), or for amounts expended while the ehild lived with the obligated parent or a third party. Nabors v. Nabors, 354 So.2d 277 (Ala.Civ.App.1978). Where the obligated parent has failed to . make child support payments because of financial inability to do so, the trial court may properly find the parent not in contempt, Patterson v. Gartman, 439 So.2d 171 (Ala.Civ.App.1983), but the trial court may not ‘forgive’ or set aside the accrued arrearage. State Dep’t of Human Resources v. Hulsey, 516 So.2d 720 (Ala.Civ.App.1987). Moreover, a mother may not waive support payments due a minor child from the child’s father under a decree of the court, nor may . support provisions of the decree be nullified by agreement between the parties. Morgan v. Morgan, 275 Ala, 461, 156 So.2d 147 (1963); Mann.”
Frasemer v. Frasemer, 578 So.2d 1346, 1348-49 (Ala.Civ.App.1991); see also Sla *170 ter v. Slater, 587 So.2d 376, 380 (Ala.Civ.App.1991)(“It is well settled that past-due installments for [pendente lite child] support create a final money judgment.”). Therefore, we conclude that the circuit court erred by. failing to- determine the amount of, and by failing -to award, the pendente lite child-support arrearage owed by the husband.
Our review of the wife’s last issue has raised an inconsistency in the caselaw of this state. The question before* us is whether, like each past-due child-support installment and each past-due alimony installment, each - past-due pendente lite alimony installment becomes a final judgment on the date it accrues and is -thereafter iminune from change or modification. The same -question was examined by our supreme court in Maddox v. Maddox, 276 Ala. 197, 198, 160 So.2d 481, 482 (1964):
“[T]he question is whether alimony pen-dente lite ordered to be paid by the husband' to the wife in a divorce proceeding, and accruing prior to rendition of a final decree of divorce in such proceeding, becomes vested in the wife so as to deny authority in the trial court to terminate such accrued alimony on rendition of the final decree.”
Our supreme court concluded that an award of pendente lite alimony is interlocutory in nature and that a final judgment “ ‘will abrogate a former interlocutory order allowing temporary alimony, and hence, if entered while accrued installments remain unpaid, [the final judgment] will relieve the [payor] from paying such alimony, unless payment thereof be ordered or otherwise’ reserved or provided for in such final decree.’” Maddox, 276 Ala. at 199, 160 So.2d at 483 (quoting Duss v. Duss, 92 Fla. 1081, 1092, 111 So. 382, 386 (1926)). In other words, the Maddox court that held a trial court is not required to award a recipient spouse the full amount of past-due pendente lite alimony installments in a final-judgment, but that it has the discretion to do so. We relied on Maddox in Murphree v. Murphree, 579 So.2d 634, 637 (Ala.Civ.App.1991), in which we concluded that an award of pendente lite alimony is purely interlocutory in nature; thus, a final judgment has the effect of rendering unenforceable the right to accrued installments of past-due pendente lite alimony, unless the right to the amount of past-due pendente lite alimony installments is saved by the final judgment. In Duerr v. Duerr, 104 So.3d 229, 233 (Ala.Civ.App.2012), we héld that the right to pendente lite alimony is not yested 'in a spouse so as to permit 'a claim for' that right after the issuance of the final divorce judgment. Maddox, Murphree, and Duerr demonstrate'that our supreme court and this court have concluded that past-due pendente lite alimony installments do not amount to nonmodifiable final judgments on the dates they become due.
However, the wife points to Myrick v. Myrick, 714 So.2d 311, 315 (Ala.Civ.App.1998), in which we determined that a trial court had erred by refusing to award a spouse a judgment for the amount of installments of past-due pendente lite alimony because “[p]ast-due alimony installments create a final judgment on the date they become due.” Myrick includes no mention of our supreme court’s conclusion in Maddox, supra, and we do not, today, find support for the holding in Myrick in cases we then relied upon—Andrews v. City National Bank of Birmingham, 349 So.2d 1 (Ala.1977), and Anderson v. Anderson, 686 So.2d 320 (Ala.Civ.App.1996).
In Andrews the question was whether past-due alimony installments — not pen-dente lite alimony installments — were debts that rendered the arrearage amount subject to garnishment. 349 So.2d at 1. *171 ,The Andrews court cited with approval Carnes v. Shores, 55 .la.App. 608, 318 So.2d 305 (Civ.App.1975), in which this court held that “[p]ayments already due under a decree for alimony represent, a final judgment and are collectible' as such.” 55 Ala.App. at 611, 318 So.2d at 307. Carnes involved intervention for the collection of pastrdue. installments of alimony to satisfy an.attorney lien. 55 Ala.App. at 609, 318 So.2d at 306. The Carmes, court cited Blackwood v. Kilpatrick, 52 Ala.App. 505, 509, 294 So.2d 753, 756 (Civ.App.1974) (observing that “past due installments, of alimony have become a debt of record, i.e., a judgment in favor of the wife”), and O’Neal v. O’Neal, 284 Ala. 661, 663, 227 So.2d 430, 431 (1969)(explaining that each monthly alimony obligation is “ ‘a fixed moneyed judgment, as to past-due installments, which can only be discharged as any other such.judgment’” (quoting Rochelle v. Rochelle, 235 Ala. 526, 529, 179 So. 825, 828 (1938))).
In Anderson the trial court had ordered the husband in that case to pay a pendente lite alimony arrearage and to pay periodic alimony in the divorce judgment. He subsequently failed- to pay periodic alimony; thus, he incurred a second alimony arrearage. 686 So.2d at 322.' Again; we concluded that past-due- alimony installments are final judgments as of the date due. Id. at 323. We reversed the trial court’s judgment, which did not require the husband to pay the second alimony arrearage, and remanded the cause because there was no evidence indicating that the periodicralimony obligation, had been- satisfied by other means, as the husband asserted. Id. at 323-24. The pen-dente lite alimony arrearage was not an issue in Anderson.
“‘Although this Court strongly believes in the doctrine of stare decisis and makes every reasonable attempt to maintain the stability of the law, this Court has had to recognize on occasion that it is necessary and prudent to admit prior mistakes and to take the steps necessary to ensure that we foster a system of justice that is manageable, and that. is fair to all concerned.’
“Ex parte Capstone Bldg. Corp., 96 So.3d 77, 88 (Ala.2012) (quoting Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala.1997)). See also Ex parte Capstone, 96 So.3d at 89 n. 9 (‘What would be truly “distressing” would be if,, when this Court has made an error ... it would be unwilling to “confess” that error and set the law right.’); Jackson v. City of Florence, 294 Ala. 592, 598, 320 So.2d 68, 73 (1975) (‘As strongly as we believe in the stability of the law, we also recognize that there is merit, if not honor, in admitting prior mistakes and correcting them.’).”
Ex parte Christopher, 145 So.3d 60, 68 (Ala.2013).
Based on the foregoing, we follow the rule announced in Maddox, 276 Ala. at 199, 160 So.2d at 483, because Maddox, and not thé opinions relied upon in Myr-ick, address pendente lite alimony arrear-ages. If a final judgment is entered while a pendente lite alimony arrearage remains impaid, the final judgment relieves the payor spouse from ■ paying the pendente lite alimony arrearage, unless payment of the pendente lite alimony arrearage is ordered in the final judgment. This is so because an award of pendente lite alimony is interlocutory in nature and a subsequent final judgment can abrogate a former interlocutory order. We come to this conclusion because Maddox has never been overruled and the proposition in Myrick that past-due.installments of pendente lite alimony are final judgments on the date *172 they become due has never been cited with approval by our supreme court.
Accrued installments of pendente lite alimony are not final judgments that may be collected like any other money judgment. In so holding, we expressly overrule McDaniel v. McDaniel, 171 So.3d 38 (Ala.Civ.App.2015); McClelland v. McClelland, 841 So.2d 1264, 1270 (Ala.Civ.App.2002); and Myrick v. Myrick, 714 So.2d 311, 315 (Ala.Civ.App.1998), insofar as we determined that the trial courts in those cases had erred by failing to award judgments including a pendente lite alimony arrearage.
It must be emphasized that our holding is limited to pendente lite alimony arrearages. The rule that each installment of periodic alimony awarded in a final judgment creates a final judgment on the date the obligation is due is not impacted by this opinion. See, e.g., McDaniel v. McDaniel 171 So.3d 38 (Ala.Civ.App.2015); Beatty v. Beatty, 991 So.2d 761, 764 (Ala.Civ.App.2008); Anderson v. Anderson, 686 So.2d 320, 323 (Ala.Civ.App.1996); Glenn v. Glenn, 626 So.2d 638, 640 (Ala.Civ.App.1993); Frazier v, Frazier, 455 So.2d 883, 884 (Ala.Civ.App.1984); and Ex parte Morgan, 440 So.2d 1069, 1072 (Ala.1983).
Turning now to the case at hand, we conclude that, under Maddox, the final judgment relieved the husband from paying the pendente lite alimony arrearage because payment of that arrearage was not ordered in the final judgment. The wife continues her argument by contending that, even if we conclude that the circuit court did not err by enforcing the settlement agreement, it erred by going “beyond the scope” of the settlement agreement and including the statement that no pendente lite alimony arrearage existed because, she points out, the settlement agreement is a contract.[4] According to the wife, a comparison- of the terms of the judgment and the plain terms of the settlement agreement reveals that “[njoth-ing in the [settlement] agreement suggests that the appellant/wife intended to relinquish what had previously been awarded to her in the pendente lite [order].”- We 'agree that the settlement agreement, unlike the October 24, 2014, judgment, is silent on the alleged alimony arrearage, that the evidence demonstrates that the husband had a “support arrearage,” and that he never denied the wife’s repeated assertions that he had failed to pay pen-dente lite alimony; however, the silence of the settlement agreement could also be the basis for a conclusion that the parties mediated the issue of the pendente lite ar-rearages or that the wife abandoned her claim to the pendente lite alimony arrear-age. Regardless, “though -an agreement may be binding upon the parties in a divorce case, it is not binding upon the court. In rendering judgment, the court may accept or reject such an agreement, in whole or in- part.”. Porter v. Porter, 441 So.2d 921, 924 (Ala.Civ.App.1983)(citing Kohn v. Kohn, 52 Ala.App. 636, 296 So.2d 725 (Civ.App.1974)). The circuit court, although obligated to order the payment of the pen-dente lite child-support arrearage, was also free to incorporate or- modify any other term of the settlement agreement in its judgment. In this case it appears that the circuit court did not change any terms negotiated by the parties. Instead, it appears to have concluded that the parties *173 mediated the issue of the pendente lite arrearages and that the parties had not intended to include payment of the arrear-ages as a settlement requirement. Thus, the provisions in the judgment regarding the arrearages appear to be intended to clarify the impact of the settlement agreement on the arrearages.
In conclusion, we expressly overrule McDaniel v. McDaniel, 171 So.3d 38 (Ala.Civ.App.2015); McClelland v. McClelland, 841 So.2d 1264 (Ala.Civ.App.2002); and Myrick v. Myrick, 714 So.2d 311 (Ala.Civ.App.1998), insofar as those decisions are in conflict with Maddox v. Maddox, 276 Ala. 197, 160 So.2d 481 (1964). The circuit court’s inquiry into the events that took place at the mediation does not amount to reversible error because the wife failed to object to the inquiry. The circuit court did not err by enforcing the settlement agreement or by declining to order the payment of the pendente lite alimony arrearage. The circuit court did err by failing to require the payment of the pendente lite child-support arrearage. Therefore, the judgment of the circuit court is affirmed in part and reversed in part, and the cause is remanded with instructions for the circuit court to determine, and to award, the amount of the pendente lite child-support arrearage.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
PITTMAN, MOORE, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in part and concurs in the result in part, with writing.

. No oaths were administered at the hearing; however, the mediator and the wife answered questions posed by the circuit-court judge.
“The plain language of Rule 603 [of the Alabama Rules of Evidence] mandates that an oath be administered before a witness is allowed to testify. However, both federal courts and Alabama courts have held that the failure to give such an oath or affirmation is deemed waived if not objected to in the trial court. Merton v. State, 500 So.2d 1301 (Ala.Crim.App.1986).”
Williams v. Harris, 80 So.3d 273, 277 (Ala.Civ.App.2011).

. On September 25, 2014, and November 20, 2014, the State filed motions seeking to intervene in the divorce action to collect child support from the husband. The circuit court entered orders granting the State's motions. The wife filed a motion seeking an order requiring Burkes to withhold the amount of the husband's child-support obligation, from his earnings. The circuit court entered an order setting a hearing on the wife’s motion, and the record contains an incomplete order entered on the wife’s motion.

. . The wife states that her first issue is whether the circuit court erred by enforcing the settlement agreement based upon her objection to its enforcement before the entry of the final judgment., However, the wife’s entire argument regards whether the circuit court violated Rule 11 of the Alabama Civil Court Mediation Rules.

. Egres v. Egres, 85 So.3d 1026, 1031 (Ala.Civ.App.2011) (‘‘‘"[A] settlement agreement which is incorporated into a divorce decree is in the nature of a contract.” ’ "Xquoting R.G. v. G.G., 771 So.2d 490, 494 (Ala.Civ.App.2000), quoting in turn Smith v. Smith, 568 So.2d 838, 839 (Ala.Civ.App.1990)).